```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/1/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMEL FLOOD, IRA HEASTON, ISAAC HEASTON, and JOSEPHINE DIAZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CARLSON RESTAURANTS INC., CARLSON RESTAURANTS WORLDWIDE INC., and T.G.I. FRIDAY'S INC.,<br><br>Defendants. | No. 14-cv-02740 (AT)<br><br>CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

ANALISA TORRES, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties **do not consent** to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. This case **is** to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30** days from the date of this Order.

    However, if the Court grants Plaintiffs' contemplated motion for FLSA conditional certification, after the opt-in period, Plaintiffs intend to move to amend to add additional state law claims under Federal Rule of Civil Procedure 23 and class representatives for those claims. Any motion to amend will be made within 30 days after the opt-in period expires should the Court grant Plaintiffs' motion for FLSA conditional certification. Defendants reserve the right to object.

    The parties agree that this paragraph does not apply to Plaintiffs' right to add FLSA opt-in Plaintiffs within the period to be set by the Court should the Court grant Plaintiffs' contemplated motion for FLSA conditional certification.

4. Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P. shall be completed no later than **14** days from the date of this Order.

5. All fact discovery shall be completed no later than **12 months after this order, or six months after the Court grants Plaintiffs' motion for certification of the collective under FLSA, 29 U.S.C. § 216(b), whichever is later.**

   **Plaintiffs contend discovery should begin now.**

   **Defendants agree discovery should begin now, except discovery relating to Plaintiffs' "80/20" claim, which Defendants contend should begin only if the Court denies their motion to dismiss that claim.**  OK  AT

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

   a. Initial requests for production of documents to be served by **30 days after discovery commences.**
   b. **Initial** interrogatories to be served by **30 days from the start of discovery.**
   c. Depositions to be completed by **the close of discovery.**
   d. Requests to Admit to be served no later than **close of discovery and responses to the Requests to Admit are due 30 days thereafter.**

7. a. All expert discovery shall be completed no later than **45 days after the completion of fact discovery.**

   b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including premotion conference requirements, except that motions in limine may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16( c )(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

>   **Plaintiffs have proposed hiring a private mediator and attempting to negotiate a settlement before the parties engage in extensive discovery or motion practice.**
>
>   **Defendants are prepared to discuss potential procedures for exploring early ADR before a private mediator. Defendants will arrange an initial discussion among counsel in advance of the July 2, 2014 conference.**

   b.      Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

   **Plaintiffs have proposed hiring a private mediator.**

   **Defendants' position is as set forth in 10.a above.**

   c.      Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)

   **Plaintiffs propose a private mediation take place within the next sixty days.**

   **Defendants will address this subject at the July 2, 2104 conference following discussion among counsel.**

   d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order. **[Subject to discussion among counsel and the approval of the Court, Defendants request that implementation of this Order be stayed pending the completion of early ADR.]**

11. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed *voir dire* questions, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: **The parties agree that this cannot be determined at this stage.**

13. [Other items, including those in Rule 26(f)(3).]

    (A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made: **The parties have no change at this time.**

    (B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:

    **Plaintiffs propose discovery be bifurcated whereby liability and class certification discovery and motion practice precedes damages discovery.**

    **Defendants oppose bifurcation. Plaintiffs must prove damages can be determined on a class wide basis in order to obtain class certification. Thus, Plaintiffs have not demonstrated how class certification discovery can be bifurcated from damages discovery.**

    (C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced: **The Parties have scheduled an ESI conference for 12 p.m. on July 15, 2014.**

    (D) any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order: **The Parties do not anticipate any privilege issues at this time.**

    (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed: **The Parties do not propose any limitations, however, the Parties anticipate that if venue is transferred, this Scheduling Order will be reviewed and revised as appropriate under the Local Rules of the Northern District of Texas.**

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]

15. The next Case Management Conference is scheduled for August 14, 2015 at 4:00 p.m. : [Absent exceptional circumstances, a date fourteen (14) days from the date in paragraph 5, i.e. the completion of all fact discovery.]

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.A. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: August 1, 2014
New York, New York

ANALISA TORRES
United States District Judge