# SEYFARTH SHAW

Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

WASHINGTON, D.C.  SYDNEY  SHANGHAI  SAN FRANCISCO  SACRAMENTO  NEW YORK  MELBOURNE  LOS ANGELES  LONDON  HOUSTON  CHICAGO  BOSTON  ATLANTA

Writer's direct phone
(212) 218-3360

Writer's e-mail

gmaatman@seyfarth.com

May 5, 2015

**VIA E-MAIL & ECF FILING**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *Jamel Flood, et al. v. Carlson Restaurants, Inc., et al.*
>       **Case No. CV 14-2740 (S.D.N.Y.)**

Dear Judge Torres:

We represent Defendants Carlson Restaurants, Inc., Carlson Restaurants Worldwide, Inc., and T.G.I. Friday's Inc., (collectively "Defendants") in the above-referenced matter. Pursuant to the parties' call with Chambers on April 30, 2015, we write jointly with Plaintiff's counsel to request that the Court conduct a confidential *in camera* review of nine private settlement agreements that Defendants have entered into with individual Plaintiffs in this matter. If the Court agrees, the parties will email to the Court copies of the executed settlement agreements for a confidential in camera review along with the stipulations of dismissal for each of those individual actions.

As the Court knows, this matter involves nationwide claims under the FLSA and several individual putative class claims under the laws of New York, New Jersey, and Massachusetts. While the parties have reached settlement with these nine individual plaintiffs, litigation of the collective and putative class claims continues. Defendants believe that public disclosure of these settlements may cause interference in the ongoing litigation or possible settlement of these claims. Accordingly, for this additional reason, Defendants seek to have the individual settlements reviewed and approved confidentially.

This practice is commonly used by Courts in the Southern District of New York where, as here, the interests of maintaining confidentiality over the documents at issue outweigh the presumption of public access to judicial records. *See, e.g.*, Exhibit A, showing an order from Judge Sullivan employing the same procedure the parties propose here. *See also United States v. Glen Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998).



Honorable Analisa Torres<br>May 5, 2015<br>Page 2

    We thank the court for its consideration. The parties will make themselves available for a telephone conference if the Court wishes to discuss this matter further.

Respectfully submitted,

SEYFARTH SHAW LLP

/s   Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr.

Attachments

cc:    All Counsel Of Record (via ECF)