```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/06/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMEL FLOOD, IRA HEASTON, ISAAC HEASTON, TASHAUNA REID, PATRICK PINK, AMY COURTEMANCHE, EURY ESPINAL, and JOSE FERNANDEZ on behalf of themselves and all others similarly situated,

                      Plaintiffs,

-against-

CARLSON RESTAURANTS INC., CARLSON RESTAURANTS WORLDWIDE INC., and T.G.I. FRIDAY'S INC.,

                      Defendants.

14 Civ. 2740 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      By joint letter dated May 5, 2015, Defendants and nine Plaintiffs request that the Court conduct "a confidential *in camera* review of nine private [FLSA] settlement agreements that Defendants have entered into with individual Plaintiffs." May 5, 2015 Letter, ECF No. 183. For the reasons stated below, this request is DENIED.

      Under the common law right to access, a presumption of public access attaches to any "judicial document," defined as a document "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (internal quotation marks omitted). If the presumption applies, a court must first determine "[t]he weight to be given the presumption" based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted). Next, the court must weigh the presumption against any countervailing interests, such as "the privacy interests of those resisting disclosure," "judicial efficiency," and "the danger of impairing law enforcement." *Id.* at 120 (internal quotation marks omitted).

      The Court joins the "overwhelming majority of courts [that] reject the proposition that FLSA settlement agreements can be confidential." *Armenta v. Dirty Bird Grp., LLC*, No. 13 Civ. 4603, 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014); *see also Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011) (collecting cases). FLSA settlements "indisputably" implicate the "judicial function" because they require judicial approval. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012). Therefore, such agreements are "judicial document[s] subject to the presumption of access." *Id.* (internal quotation marks omitted). The rationale for rejecting confidential FLSA settlements is "particularly strong" because "[s]ealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, No. 14 Civ. 1274, 2015 WL 1455689, at *4 (S.D.N.Y. Mar. 30, 2015) (internal quotation marks

omitted).

Here, the parties contend that confidentiality is warranted because "public disclosure of these settlements may cause interference in the ongoing litigation or possible settlement." May 5, 2015 Letter. But the Court concludes that the public's interest in ensuring that workers receive "a fair day's pay for a fair day's work" outweighs the movants' purported privacy interest. *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 283 (2d Cir. 2008) (quoting 81 Cong. Rec. 4983 (1937)).

Accordingly, the request for *in camera* review is DENIED. Executed settlement agreements, along with stipulations of dismissal, must be filed on ECF for Court approval.

SO ORDERED.

Dated: May 6, 2015
   New York, New York

_____
ANALISA TORRES
United States District Judge

2