

October 8, 2015

**Via ECF**
The Honorable Analisa Torres
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Flood v. Carlson Restaurants Inc., et al.,* **No. 14 Civ. 2740 (AT)**

Dear Judge Torres:

      Along with our co-counsel, Fitapelli & Schaffer, LLP, we represent Plaintiffs in the above-referenced matter. We write to request (1) a 45-day extension of the deadline for workers to join this case; and (2) permission to mail and email a reminder notice, a copy of which is enclosed hereto as Exhibit A, to workers who have not yet returned consent-to-join forms. This relief is necessary because, as of today, only 2,753 workers, 6.7 percent of the potential collective, have joined the case. Defendants oppose this request.

      An extended opt-in period and reminder notices are appropriate because, in order to effectuate the "remedial and humanitarian goals" of the Fair Labor Standards Act ("FLSA"), *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), workers should receive the "best notice practicable" under the circumstances. *See Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006) (quotation marks omitted); *see also Lira v. Eagle Open Kitchen LLC*, No. 14 Civ. 2356, 2014 WL 7910482, at *3 (S.D.N.Y. July 14, 2014). Workers who do not return consent-to-join forms will forfeit their rights because their claims diminish and expire. *See Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 161 n.12 (N.D.N.Y. 2008) ("Because the FLSA statute of limitations is not tolled unless a potential plaintiff opts in, . . . time [is] of the essence").

      Here, Court-authorized notice was sent via U.S. mail to 40,688 collective members. As of today, only 6.7 percent of the potential collective, 2,753 workers, have joined the case. This low opt-in rate combined with the high percentage of returned notices warrants additional steps to ensure that as many workers as possible receive the "best notice practicable." *See Romero*, 235 F.R.D. at 493; *see also Lira*, 2014 WL 7910482, at *3.

      Many courts have approved additional notice measures similar to what Plaintiffs propose. First, courts routinely extend notice periods where the opt-in rate is low or where there is difficulty locating potential class members. *See, e.g.*, *Cortez v. Nebraska Beef, Inc.*, No. 08 Civ. 90, 2009 WL 1954670, at *1-2 (D. Neb. July 2, 2009) (extending the opt-in period by 52 days

3 Park Avenue, 29th Floor, New York, NY 10016  Tel 212-245-1000  Fax 646-509-2060
203 North LaSalle Street, Suite 2100, Chicago, IL 60601  Tel 312-924-4888  Fax 646-509-2075
One Embarcadero Center, 38th Floor, San Francisco, CA 94111  Tel 415-638-8800  Fax 415-638-8810
og@outtengolden.com   www.outtengolden.com

where 14 percent of the notice packets were returned as undeliverable); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312-13 (3d Cir. 2003), *as amended* (Nov. 14, 2003) (ordering the district court to reopen the opt-in period where 24 percent of the notice packages were returned as undeliverable because "[i]n class actions, courts have equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants."); *see also Prentice v. Fund for Pub. Interest Research, Inc.*, No. 06 Civ. 7776, 2007 WL 2729187, at *4 (N.D. Cal. Sept. 18, 2007) (finding that where a group of potential opt-in plaintiffs is "exceedingly large and geographically dispersed[,] . . . multiple mailings may be necessary to reach all potential plaintiffs"). The total notice period that Plaintiffs request – 105 days (original 60-day period plus requested 45-day extension) – is in the range of notice periods in other cases. *See Kassman v. KPMG LLP*, No. 11 Civ. 03743, 2014 WL 3298884, at *9 (S.D.N.Y. July 8, 2014) (approving 120-day opt-in period); *Fang v. Zhuang*, No. 10 Civ. 1290, 2010 WL 5261197, at *4 (E.D.N.Y. Dec. 1, 2010) (90-day notice period for transitory nationwide collective); *Darrow v. WKRP Mgmt., LLC*, No. 09 Civ. 01613, 2012 WL 638119, at *7 (D. Colo. Feb. 28, 2012) ("ninety days is reasonable given the potential difficulties inherent in contacting delivery drivers across several states, many of whom may no longer be employed by Defendants"); *Dumitrescu v. Mr. Chow Enterprises, Ltd.*, No. 07 Civ. 3601, 2008 WL 2600667, at *7 (S.D.N.Y. June 30, 2008) (approving 120-day opt-in period); *Prentice*, 2007 WL 2729187, at *4 (same).

Here, the proposed extension will also enable the claims administrator to continue its efforts to locate updated addresses for the 7,186 collective members whose mailings were returned as undeliverable.

Second, courts also routinely approve reminder notices because "notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in[.]" *Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013); *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) (concluding that "a reminder notice is appropriate"); *see also Strauch v. Computer Sciences Corp.*, No. 14 Civ. 956, 2015 WL 3727804, at *6 (D. Conn. June 9, 2015) (approving reminder notice by mail and email to class members who do not respond to initial notice); *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) ("courts have recognized that a second notice or reminder is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in"); *Stillman v. Staples*, No. 07 Civ. 849, ECF No. 505 (July 3, 2008) (granting plaintiff's application to send a reminder notice because it did not prejudice defendant), attached hereto as Exhibit B.

Third, the proposed reminder notices should be sent by both U.S. mail and email. Email is especially necessary here because the claims administrator has been unable to locate correct mailing addresses to re-mail 2,748 of the undeliverable notice packages. Of those 2,748 potential collective members who have not received a notice package, Defendants have produced email addresses for 950 people.[1] Because of the high number of undeliverable notices, and the low opt-in rate, expanding the notice process to include email addresses increases the likelihood

---

[1] In total, Defendants have already produced email addresses for approximately 17,000 members of the potential collective.

The Honorable Analisa Torres
October 8, 2015
Page 3 of 3

that collective members will receive it. *See Pippins*, 2012 WL 19379, at *14 ("[G]iven the reality of communications today . . . the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate."); *Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755, 2011 WL 3235628, at *3, n.3 (E.D.N.Y. July 27, 2011) ("[T]he Court sees email as a relatively unobtrusive option" for providing notice to class members); *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 WL 465112, at *5 (S.D.N.Y. Feb. 19, 2008) (ordering dissemination of notice through email); *see also Ott v. Publix Super Markets, Inc.*, 298 F.R.D. 550, 558 (M.D. Tenn. 2014) (extending opt-in period and approving distribution of notice by email when initial mailing produced low opt-in rate).

No prejudice will result from the additional notice measures Plaintiffs request. The real reason Defendants oppose these measures is that they are likely to increase collective member participation, which is not a good reason.

We thank the Court for its attention to this matter.

Respectfully submitted,

Justin M. Swartz

cc: All counsel of record (via ECF)