**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Sally J. Abrahamson
Chauniqua D. Young
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian Schaffer
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JAMEL FLOOD, IRA HEASTON, ISAAC HEASTON, TASHAUNA REID, PATRICK PINK, AMY COURTEMANCHE, EURY ESPINAL, and JOSE FERNANDEZ, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>-against-<br><br>**CARLSON RESTAURANTS INC., CARLSON RESTAURANTS WORLDWIDE, INC., and TGI FRIDAY'S INC.,**<br><br>Defendants. | **14 Civ. 2740 (AT)** |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

PROCEDURAL HISTORY AND STATUS OF DISCOVERY .................................................. 1

ARGUMENT ................................................................................................. 4

I.      Defendants Do Not Meet Their Burden Under Rule 56(d) ............................................. 4

      A.      Factor #1.  Defendants Do Not Specify What Facts They Seek or How They Will Obtain Them ................................................................. 5

      B.      Factor #2.  Defendants Do Not Explain How Any Facts That They Do Not Have Can Raise a Genuine Issue of Material Fact ......................................... 6

      C.      Factors # 3 and 4.  Defendants Do Not Adequately Explain What Efforts They Have Made to Obtain Any Purportedly Material Facts or Why Such Efforts Were Unsuccessful .................................................... 6

      D.      Plaintiffs' Limited Document Requests Sought All Relevant Information ........... 9

II.     Defendants' Complaints About Other Purported Discovery Deficiencies Are Not Relevant to Plaintiffs' Summary Judgment Motion. ......................................... 11

III.    The NYLL Requires Defendants to Maintain All Documents They Claim to Need ........ 12

      A.      Prior to 2011, the NYLL Required Defendants to Maintain, for Six Years, Payroll Records Demonstrating That They Notified Tipped Workers That They Were Availing Themselves of the Tip Credit .............................................. 13

      B.      Since 2011, the NYLL Has Required Defendants to Maintain, for Six Years, a Signed Acknowledgement Demonstrating That They Notified Tipped Workers That They Were Availing Themselves of the Tip Credit ................................ 13

      C.      The NYLL Requires Defendants to Maintain, for Six Years, a Signed Acknowledgement Demonstrating That They Provided Workers With the Proper Annual Notice Pursuant to § 195(1)(a) .............................................. 14

      D.      The NYLL Requires Defendants to Maintain, for Six Years, Payroll Records Pursuant to § 195(1)(a) ......................................................... 15

IV.    Defendants Should Make Their Legal Arguments in Opposition to Plaintiffs' Summary Judgment Motion ................................................................. 16

V.      Moving Plaintiffs' Slight Modification in Their Rule 56.1 Statement Was Necessary
        Because of Documents Defendants Produced Late and Did Not Change Any Substantive
        Argument ................................................................................................................... 17

CONCLUSION.................................................................................................................... 17

## TABLE OF AUTHORITIES

**CASES**                                                                                       **PAGE(S)**

*AstraZeneca AB v. Dr. Reddy's Labs., Ltd.,*
   603 F. Supp. 2d 596 (S.D.N.Y. 2009) *aff'd,* 356 F. App'x 421 (Fed. Cir. 2009) ......................4

*CIT Grp./Commercial Servs., Inc. v. Prisco,*
   640 F. Supp. 2d 401 (S.D.N.Y. 2009) .................................................................................16

*Columbia Mach., Inc. v. Besser Co.,*
   No. 11 Civ. 5268, 2011 WL 3812698 (W.D. Wash. Aug. 26, 2011) .......................................7

*In re Dana Corp.,*
   574 F.3d 129 (2d Cir. 2009) ...............................................................................................5

*Delphi-Delco Elecs. Sys. v. M/V Nedlloyd Europa,*
   324 F. Supp. 2d 403 (S.D.N.Y. 2004) ...............................................................................6

*Fermin v. Las Delicias Peruanas Rest., Inc.,*
   93 F. Supp. 3d 19 (E.D.N.Y. 2015) ..................................................................................14

*Flood v. Carlson Rests. Inc.,*
   No. 14 Civ. 2740 (AT), 2015 WL 1396257 (S.D.N.Y. Mar. 27, 2015) ...................................2

*Flood v. Carlson Rests. Inc.,*
   No. 14 Civ. 2740 (AT), 2015 WL 260436 (S.D.N.Y. Jan. 20, 2015) .......................................2

*Frankel v. ICD Holdings S.A.,*
   930 F. Supp. 54 (S.D.N.Y. 1996) .................................................................... *passim*

*Gualandi v. Adams,*
   385 F.3d 236 (2d Cir. 2004) ...............................................................................................5

*Holmes v. Lorch,*
   329 F. Supp. 2d 516 (S.D.N.Y. 2004) .................................................................................8

*Hudson River Sloop Clearwater, Inc., v. Dep't of Navy,*
   891 F.2d 414 (2d Cir. 1989) ...........................................................................................9, 11

*Inclan v. N.Y. Hospitality Grp., Inc.,*
   95 F. Supp. 3d 490 (S.D.N.Y. 2015) .................................................................................15

*Kennedy v. Contract Pharmacal Corp.,*
   No. 12 Civ. 2664, 2013 WL 1966219 (E.D.N.Y. May 13, 2013) ...........................................11

*Kim v. Kum Gang, Inc.,*
   No. 12 Civ. 6344, 2015 WL 2222438 (S.D.N.Y. Mar. 19, 2015) .....................................13, 14

iv

*Mattia v. Ferrara Foods & Confections, Inc.*,
    No. 12 Civ. 3972, 2013 WL 2339925 (S.D.N.Y. Apr. 18, 2013)..................................8, 15, 16

*Mendez v. Pizza on Stone, LLC*,
    No. 11 Civ. 6316, 2012 WL 3133547 (S.D.N.Y. Aug. 1, 2012) .........................................8, 16

*Metro. Life Ins. Co. v. Bancorp Servs., LLC*,
    527 F. 3d 1330 (Fed. Cir. 2008)...................................................................................7, 8

*Paddington Partners v. Bouchard*,
    34 F.3d 1132 (2d Cir. 1994)........................................................................................4, 5, 6

*Padilla v. Manlapaz*,
    643 F. Supp. 2d 302 (E.D.N.Y. 2009) ..............................................................................13

*RSL Commc'ns PLC v. Bildirici*,
    649 F. Supp. 2d 184 (S.D.N.Y. 2009) *aff'd sub nom. RSL Commc'ns PLC, ex*
    *rel. Jervis v. Fisher*, 412 F. App'x 337 (2d Cir. 2011) ...........................................................5

*Sage Realty Corp. v. Ins. Co. of N. Am.*,
    34 F.3d 124 (2d Cir. 1994).............................................................................................16

*Salinas v. Starjem Rest. Corp.*,
    No. 13 Civ. 2992 (AT), 2015 WL 4757618 (S.D.N.Y. Aug. 12, 2015) ........................ *passim*

*Trebor Sportswear Co., Inc. v. The Ltd. Stores, Inc.*,
    865 F.2d 506 (2d Cir. 1989)............................................................................................5

**STATUTES**

Fair Labor Standards Act ...............................................................................................2, 3, 10

New York Labor Law ................................................................................................. *passim*

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 23 ...............................................................................2

Federal Rule of Civil Procedure 56 ........................................................................... *passim*

Federal Rule of Civil Procedure 68 ...............................................................................2

Local Civil R. 33.3(b) ..................................................................................................12

N.Y. Comp. Codes R. & Regs. tit. 12..................................................................... *passim*

## PRELIMINARY STATEMENT

Defendants' violations of the New York Labor Law ("NYLL") notice and wage statement requirements are straightforward, based on documents that Defendants have already produced (or could not produce), and can be easily adjudicated now.  In order to move the litigation forward, five individual Plaintiffs moved for summary judgment on their NYLL notice and wage statement claims, ECF No. 269, after a robust discovery period that focused on these claims and during which all five Plaintiffs were fully deposed.

Instead of attempting to defend their non-compliance with the NYLL, Defendants attempt to put off an adverse ruling by moving to stay briefing on Plaintiffs' summary judgment motion under Federal Rule of Civil Procedure 56(d).  ECF No. 285.  The Court should deny Defendants' motion because there is no good reason to kick the can down the road.  Although Defendants attempt to muddy the waters by telling the Court about every discovery dispute they can concoct, Defendants have not met their burden *to prevail on this motion* to demonstrate what relevant further discovery they need to respond to Plaintiffs' summary judgment motion.  Defendants do not identify a single item that is relevant to their defense of the five moving Plaintiffs' ("Moving Plaintiffs") claims that is not already in Defendants' possession.  This is because Plaintiffs' claims are based on specific documents (or the lack of such documents) that Defendants have already produced or that they are statutorily required to have in their records.

## PROCEDURAL HISTORY AND STATUS OF DISCOVERY

Plaintiffs filed their Complaint on April 17, 2014, bringing nationwide collective action claims under the Fair Labor Standards Act ("FLSA") and NYLL class claims under Federal Rule of Civil Procedure 23.  ECF No. 2.  On November 7, 2014, Plaintiffs requested leave to amend their Complaint to add additional named Plaintiffs and to add class claims under Massachusetts

state wage and hour laws, ECF No. 59, which the Court granted, ECF No. 77.  Plaintiffs filed

their First Amended Complaint on December 9, 2014.  ECF No. 73.

Shortly after Plaintiffs filed their First Amended Complaint, Carlson made Federal Rule

of Civil Procedure 68 ("Rule 68") offers of judgment of $82,000.00 and $2,500.00 to the

individuals whom Plaintiffs had just added as New York and Massachusetts class

representatives.  Swartz Decl. ¶ 3.  Thereafter, in an effort to pick off each new Plaintiff and end

the case before notice could issue, Carlson made settlement offers and Rule 68 offers to many

other workers.  *Id.* ¶ 4.  In total, Carlson offered 24 tipped restaurant workers more than

$700,000, almost all of which the workers accepted.  *Id.* ¶ 5.

However, Carlson's pick-off strategy failed.  *Id.* ¶ 6.  On January 20, 2015, the Court

granted Plaintiffs' motion for conditional certification and nationwide notice, authorizing

Plaintiffs to send notice to more than 40,000 other workers.  *See Flood v. Carlson Rests. Inc.*,

No. 14 Civ. 2740 (AT), 2015 WL 260436, at *1 (S.D.N.Y. Jan. 20, 2015).  On March 27, 2015,

the Court also denied Carlson's motion to transfer venue to the Northern District of Texas and its

motion to dismiss Plaintiffs' FLSA minimum wage claims.  *See Flood v. Carlson Rests. Inc.*, No.

14 Civ. 2740 (AT), 2015 WL 1396257, at *1 (S.D.N.Y. Mar. 27, 2015).

On March 12, 2015, the Court entered the parties' Stipulation staying all discovery

deadlines, and tolling the FLSA statute of limitations from February 27, 2015 through May 1,

2015 in anticipation of an April 16, 2015 mediation, ECF No. 167.

Although the mediation was not successful, the parties continued their negotiations and

entered into another Stipulation, which the Court So Ordered on June 19, 2015 ("June 19

Stipulation").  ECF No. 194.  The June 19 Stipulation required the parties to engage in targeted

discovery relating to four NYLL notice and wage statement claims.  Swartz Decl. ¶ 9; ECF No.

194 at ¶ 4.  On June 24, 2015, Plaintiffs served document requests pertaining to the four NYLL claims.  Ex. 1 (Pls.' Ltd. Document Requests).[1]

The limited discovery period proceeded.  Defendants deposed all five New York Plaintiffs who have moved for summary judgment.  Defendants also produced documents related to the five Moving Plaintiffs and the claims raised in Plaintiffs' Motion for Summary Judgment, including emails and personnel file documents.  Defendants' document production began on October 17, 2014 and ended on September 22, 2015.  Swartz Decl. ¶ 13.  The five Moving Plaintiffs also responded to Defendants' document requests, produced responsive documents, and sat for all-day depositions.  *Id.* ¶ 14.  The June 19 Stipulation did not allow Defendants to leave these depositions open, ECF No. 194 at ¶ 6, and Defendants did not attempt to do so. Swartz Decl. ¶ 15.

After the second mediation session failed, on August 19, 2015, Plaintiffs sent collective action notice to more than 40,000 tipped workers.  Swartz Decl. ¶ 17.  As of November 10, 2015, 3,102 tipped workers have opted into this action.  *Id.* ¶ 18.  The Court recently extended the opt-in period through December 19, 2015.  ECF No. 287.

On August 20, 2015, the Court held a status conference at which it granted five Plaintiffs permission to move for partial summary judgment on the four NYLL notice and wage statement claims.  Swartz Decl. ¶ 19.  On October 15, 2015, five Plaintiffs moved for summary judgment on the following four claims:

1.     Tip Notice Claims.  Prior to 2011, Carlson did not comply with its obligation to furnish the tipped workers with a statement with every payment of wages listing allowances claimed as part of the minimum wage.  N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 (repealed eff. Jan. 1, 2011); *Salinas v. Starjem Rest. Corp.*, No.

---

[1]     All exhibits are attached to the Declaration of Justin M. Swartz in Support of Plaintiffs' Opposition to Defendants' Motion to Continue Plaintiffs' Motion for Partial Summary Judgment Under Federal Rule of Civil Procedure 56(d).

13 Civ. 2992 (AT), 2015 WL 4757618, at *15 (S.D.N.Y. Aug. 12, 2015).

2.   Tip Notice Claims.  After 2011, Carlson did not provide workers with a compliant "written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday."  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2(a); *see also Salinas*, 2015 WL 4757618, at *15.  In addition, Carlson's notice did not "state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate."  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2(a);

3.   Annual Wage Notice Claims.  Carlson violated NYLL Section 195(1) by failing to provide compliant annual wage notices; and

4.   Wage Notice Claims.  Carlson's wage statements failed to comply with NYLL Section 195(3) because they did not contain all elements required by the statute, including that Defendants were availing themselves of the tip credit allowance.

On October 30, 2015, Defendants filed this Rule 56(d) motion seeking to delay the briefing on Plaintiffs' Motion for Partial Summary Judgment.[2]

## <u>ARGUMENT</u>

### I.   Defendants Do Not Meet Their Burden Under Rule 56(d).

The Court should deny Defendants' Rule 56(d) motion because Defendants already have all of the discovery they need to respond to Plaintiffs' summary judgment motion.  Courts should not delay summary judgment motion practice where the parties have already engaged in discovery that specifically relates to the issues that the summary judgment raises.  *AstraZeneca AB v. Dr. Reddy's Labs.*, Ltd., 603 F. Supp. 2d 596, 603 (S.D.N.Y. 2009) *aff'd*, 356 F. App'x 421 (Fed. Cir. 2009).

Rule 56(d) does not exist as a "shield against all summary judgment motions." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (quoting *Sundsvallsbanken*

---

[2]   Defendants claim that they only seek to delay the briefing one time for 90 days but then state that if Plaintiffs do not have responsive documents or they cannot locate third-party witnesses, "discovery may take longer than 90 days."  *See* Defs.' Br. 3.

*v. Fondmetal, Inc.*, 624 F. Supp. 811, 815 (S.D.N.Y. 1985)).  A Rule 56(d) motion should be

denied where, like here, the Defendant simply seeks to delay an adverse judgment.  The purpose

of Rule 56(d) is to protect a non-moving party from being "railroaded" by a summary judgment

motion that is filed prematurely.  *Trebor Sportswear Co., Inc. v. The Ltd. Stores, Inc.*, 865 F.2d

506, 511-12 (2d Cir. 1989).

Defendants cannot meet Rule 56(d)'s requirements because sufficient discovery on

Plaintiffs' four claims has already occurred.  The party requesting relief under Rule 56(d) must

specify: "(1) what facts are sought and how they are to be obtained; (2) how these facts are

reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has

made to obtain them; and (4) why the affiant's efforts were unsuccessful."  *Gualandi v. Adams*,

385 F.3d 236, 244 (2d Cir. 2004).  Defendants fail to demonstrate that any of these factors weigh

in favor of delaying Plaintiffs' summary judgment motion.

### A.    Factor #1.  Defendants Do Not Specify What Facts They Seek or How They Will Obtain Them.

Defendants' mere speculation that other documents *might* exist is insufficient to warrant a

stay.  Rule 56(d) motions cannot rest on "speculation as to what potentially could be

discovered."  *In re Dana Corp.,* 574 F.3d 129, 149 (2d Cir. 2009) (citation and quotation marks

omitted); *see also Paddington Partners*, 34 F.3d at 1138 (the moving party must show that "the

material sought is germane to the defense" and "is neither cumulative nor speculative," and a

"bare assertion" is insufficient) (quoting *Sundsvallsbanken*, 624 F. Supp. at 815) (quotation

marks omitted); *RSL Commc'ns PLC v. Bildirici*, 649 F. Supp. 2d 184, 222 (S.D.N.Y. 2009)

*aff'd sub nom. RSL Commc'ns PLC, ex rel. Jervis v. Fisher*, 412 F. App'x 337 (2d Cir. 2011)

("this procedure [is not] a measure of last resort to be invoked when the non-movant wishes to

proceed 'out of an abundance of caution.'"); *Frankel v. ICD Holdings S.A.*, 930 F. Supp. 54, 67

(S.D.N.Y. 1996) (denying defendants' Rule 56(d) motion because "[h]owever interesting defendants might find that information, it is not material").  Here, Defendants point to information that they think "might" exist but do not explain *why* they think so.

**B.      Factor #2.  Defendants Do Not Explain How Any Facts That They Do Not Have Can Raise a Genuine Issue of Material Fact.**

Defendants also fail to explain *how* the documents they claim might exist will affect the summary judgment determination.  Defendants cannot delay summary judgment briefing by simply stating that they "expect" additional documents to be relevant.  "Litigants seeking relief under the rule *must show that* the material sought is germane to the defense . . ."  *Paddington Partners*, 34 F.3d at 1138 (quoting *Sundsvallsbanken*, 624 F. Supp. at 815) (emphasis added).

Defendants' primary claim, that emails and other electronically stored information might be important is without merit.  Plaintiffs' claims are based on statutory requirements to provide written notices and wage statements, which Defendants have already produced (or were not able to produce), and which, as explained in Section (III) *infra,* Defendants are required by statute to maintain.  *See* ECF No. 270 (Pls.' Mem. of Law in Supp. of Motion for Partial Summ. J.) 15-26.

**C.      Factors # 3 and 4.  Defendants Do Not Adequately Explain What Efforts They Have Made to Obtain Any Purportedly Material Facts or Why Such Efforts Were Unsuccessful.**

Critically, Defendants already have all the documents Defendants claim they need for their defense.  Defendants simply have not gone to the trouble to look for them.  This fact alone dooms Defendants' motion.  *See Delphi-Delco Elecs. Sys. v. M/V Nedlloyd Europa*, 324 F. Supp. 2d 403, 418 (S.D.N.Y. 2004) (Rule 56(d) "to aid parties who have been lazy or dilatory") (citation and internal quotation marks omitted); *Frankel*, 930 F. Supp. at 67 (denying defendants' Rule 56(d) motion where the information sought was under defendants' control).

Specifically, Defendants, not Plaintiffs, have all of the emails and other electronically stored information that Defendants claim they need to defend the five Moving Plaintiffs' claims. Nothing has stopped Defendants from searching for anything during the 11 weeks since Plaintiffs notified them that they planned to move for summary judgment. *Frankel*, 930 F. Supp. at 67 (S.D.N.Y. 1996) (denying defendants' Rule 56(d) motion where the information sought was under defendants' control). Considering only five Plaintiffs moved for summary judgment, Defendants' burden to search for documents related to them is minimal.

Defendants are wrong that they were prohibited from searching their own servers. Nothing in the June 19 Stipulation or anywhere else even suggests this. Furthermore, the June 19 Stipulation required Defendants to produce documents pertaining to the four claims and the five Moving Plaintiffs. ECF No. 194 (June 19 Stipulation) ¶¶ 4 (outlining the targeted discovery), 8 (Defendants required to produce timekeeping and payroll records for Plaintiffs), 9 (Defendants required to produce the personnel files and documents to be used in depositions).

Also contrary to Defendants' claims, the parties did not stay discovery. In fact, the entire purpose of the discovery period that took place was to determine whether Defendants complied with the four NYLL provisions on which Plaintiffs moved for summary judgment. *Id.* ¶ 4. During this discovery period, Defendants responded to Plaintiffs' Limited Document Requests, served responsive documents, propounded their own discovery, and deposed all five of the Moving Plaintiffs. Swartz Decl. ¶ 10.

The cases upon which Defendants rely do not support the proposition that not enough discovery has been completed. *Columbia Mach., Inc. v. Besser Co.* implicated complex patent issues and defendant needed time to review patent files and investigate "equitable defenses." No. 11 Civ. 5268, 2011 WL 3812698, at *2 (W.D. Wash. Aug. 26, 2011). *Metro. Life Ins. Co. v.*

*Bancorp Servs., LLC* was also a complex patent case and defendant had not been afforded the opportunity to depose the declarants on which plaintiffs relied for their summary judgment motion. 527 F.3d 1330, 1337 (Fed. Cir. 2008).

Here, Moving Plaintiffs request summary judgment on narrow NYLL notice and wage statement claims based on compliance with clear requirements that courts "strictly" construe. *See Mendez v. Pizza on Stone, LLC*, No. 11 Civ. 6316, 2012 WL 3133547, at *4 (S.D.N.Y. Aug. 1, 2012) ("the NYLL impose[d] certain notice requirements on employers that [were] strict prerequisites to taking [tip credits].") (internal quotation marks and citation omitted); *see also Mattia v. Ferrara Foods & Confections, Inc.*, No. 12 Civ. 3972, 2013 WL 2339925, at *3 (S.D.N.Y. Apr. 18, 2013) (finding the written notice requirement to be "strict").  Defendants have deposed all five of the Moving Plaintiffs and months of discovery have taken place.  Swartz Decl. ¶ 10.  Unlike Defendants' cases, this case has been pending for more than a year and a half, the five Moving Plaintiffs have all been parties in the case for between six months and a year, ECF Nos. 74, 139, 187, 188, 190, and the parties engaged in over four months of discovery specifically targeted to the claims addressed in Plaintiffs' Motion for Partial Summary Judgment. Defs.' Br. 15-17.

*Holmes v. Lorch*, 329 F. Supp. 2d 516, 520 (S.D.N.Y. 2004), is also inapplicable.  The *Holmes* plaintiff raised factually intense claims such as "intentional infliction of emotional distress," "fraud," and a number of negligence claims, among others.  *Id.*  Unlike here, the *Holmes* plaintiff rested much of his allegations on oral representations made by defendant.  *Id.* at 524-28.  No depositions had taken place when the defendant filed his motion to dismiss, which was converted into a summary judgment motion.  *Id.*  Not only has substantially more discovery taken place here, but unlike in *Holmes*, Moving Plaintiffs request that the Court rule on the

8

narrow statutory issues that turn on whether written notices were provided to Moving Plaintiffs, and if they were, what the notices said.  *Infra* Section (III).

### D. Plaintiffs' Limited Document Requests Sought All Relevant Information.

Defendants' argument that *Plaintiffs* did not request documents that Defendants claim to need for their defense is a red herring.  It is not Plaintiffs' responsibility to ask what Defendants need.  Nothing precluded Defendants from relying on documents that Plaintiffs did not request, if such documents exist.  *See Hudson River Sloop Clearwater, Inc.*, *v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989) (denying Rule 56(d) motion seeking discovery of facts that plaintiffs could obtain without resorting to formal discovery).

In any event, however, as explained below, Plaintiffs did propound discovery that covered all the claims on which Plaintiffs now move for summary judgment.

With respect to Plaintiffs' claim that Defendants did not comply with the NYLL tip notice requirement both before and after 2011, Plaintiffs requested the following information:

> **Document Request No. 1**: All documents that demonstrate that Defendants complied with N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-2.2, 137-2.1, and 137-2.2 (tip credit notices), Ex 1 (Pls.' Ltd. Document Requests).

> **Document Request No. 2:** All variations of the tip credit notices provided to Plaintiffs, opt-in Plaintiffs, and Class Members pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-2.2, 137-2.1, and 137-2.2 (tip credit notices), *id.*;

> **Document Request No. 3:** All signed tip credit notices for Plaintiffs and opt-in Plaintiffs pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-2.2, 137-2.1, and 137-2.2 (tip credit notices), *id.*;

> **Document Request No. 12**: All documents reflecting any notice given to Plaintiffs and Tipped Workers regarding any federal and/or state "tip credits" during the Relevant Time Period. This request includes, but is not limited to, Department of Labor posters placed in Friday's during the Relevant Time Period, *id.*;

9

**Document Request No. 14**: All documents relating to postings or handouts provided to Plaintiffs informing them about their rights under the Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL"), including but not limited to the payment of minimum wages, tip credits, overtime wages, spread-of-hours pay, uniform related expenses, unlawful deductions, meal deductions and the retention or withholding of tips, gratuities, and/or service charges, *id.*;

**Document Request No. 15**: A copy of each Plaintiff and opt-in Plaintiff's complete personnel file, including but not limited to: applications for employment; terms of employment; benefits of employment; performance evaluations; check and/or pay stubs; and time clock and/or sign in/out records, *id.*;

**Document Request No. 18**: All documents that Defendants intend to use as exhibits at any deposition related to this action, *id.*; and

**Document Request No. 19**: All documents not otherwise produced that refer by name to Plaintiffs or opt-in Plaintiffs. *Id.*

With respect to Plaintiffs' claim that Defendants did not comply with NYLL § 195(1),

Plaintiffs requested the following information:

**Document Request No. 4:** All documents that demonstrate that Defendants complied with N.Y. Lab. Law § 195(1) (annual notice), *id.*; and

**Document Request No. 5:** All signed and dated acknowledgments of the annual notice pursuant to N.Y. Lab. Law § 195(1) for all New York class members. *Id.*

With respect to Plaintiffs' claim that Defendants did not comply with NYLL § 195(3),

Plaintiffs requested the following information:

**Document Request No. 6** All documents that demonstrate that Defendants complied with N.Y. Lab. Law § 195(3) (wage statement), *id.*;

**Document Request No. 7** All wage statements provided to Plaintiffs and opt-in Plaintiffs pursuant to N.Y. Lab. Law § 195(3) (wage statement), *id.*; and

**Document Request No. 8:** All variations of wage statements provided to Plaintiffs, opt-in Plaintiffs, Class Members, pursuant to N.Y. Lab. Law § 195(3) (wage statement). *Id.*

Therefore, Defendants were not only free to locate documents that they believe support their defenses, they were obligated to do so under the discovery rules.

## II.     Defendants' Complaints About Other Purported Discovery Deficiencies Are Not Relevant to Plaintiffs' Summary Judgment Motion.

In an attempt to confuse the issues and distract the Court from the narrow discovery necessary for Plaintiffs' summary judgment motion, Defendants launch into a litany of attacks on Plaintiffs, *see* Defs.' Br.  9-13, none of which are relevant here.  All of the documents that relate to Plaintiffs' Motion for Partial Summary Judgment are in Defendants' control.  *See Hudson River Sloop Clearwater, Inc.*, 891 F.2d at 422 (denying Rule 56(d) motion seeking discovery of facts the party could informally acquire); *Frankel*, 930 F. Supp. at 67 (same).

Most of Defendants' complaints are about discovery issues with respect to opt-in Plaintiffs who are not even moving for summary judgment, Defs.' Br. 9.  These issues cannot possibly support Defendants' motion.  The parties are currently in a meet-and-confer process about these issues in an effort to resolve them without Court intervention.  In addition, Plaintiffs have informed Defendants about Defendants' discovery deficiencies that are not related to the summary judgment but, like Defendants' complaints, are not ripe for Court adjudication and not relevant to this motion.  Swartz Decl. ¶ 21.

Although Defendants do claim that several of the Moving Plaintiffs did not properly respond to Defendants' interrogatories, this argument fails for several reasons.  Defendants deposed each of the Moving Plaintiffs and had the opportunity to ask all of the questions addressed in their interrogatories.  *Kennedy v. Contract Pharmacal Corp.*, No. 12 Civ. 2664, 2013 WL 1966219, at *1 (E.D.N.Y. May 13, 2013) (denying motion to compel interrogatory responses where depositions provided a better vehicle for answers to questions seeking narrative information).  This is especially true for the interrogatories that are contention interrogatories.

11

*See* Local Civ. R. 33.3(b) (except for a narrow categories of interrogatories, they may only be served "if they are a *more practical method* of obtaining the information sought than a request for production or a deposition") (emphasis added).  In any event, Defendants chose to go forward with the depositions without having the interrogatory responses and did not seek to leave the depositions open until they received them.  Swartz Decl. ¶ 15.

With respect to Defendants' claim that the Moving Plaintiffs' depositions demonstrate that they did not comply with their document discovery obligations, Defendants mischaracterize their deposition testimony.  For example, Tashauna Reid testified that she generally maintained documents at her mother's house, she did not state that she had documents relevant to the case there.  Ex. 3 (Reid Tr.) 60:13-61:15. Gene Ellis stated only that in the past six months he had provided paystubs to his landlord.  Ex. 4 (Ellis Tr.) 219:23-222:23 (testifying he only ever printed out paper copies to provide them to his landlord).  He did not state that these paystubs were in his possession.  *Id.*  Regardless, since their depositions, the Moving Plaintiffs conducted further searches for documents and have produced all responsive, non-privileged documents that they found.  Swartz Decl. ¶ 16.

Finally, to the extent that any Plaintiff is unable to locate paystubs or corporate documents, Defendants have suffered no prejudice because all of these documents are also in Defendants' possession.

## III.    The NYLL Requires Defendants to Maintain All Documents They Claim to Need.

Rule 56(d) is especially inappropriate here because the NYLL requires Defendants to maintain and preserve all documents relevant to Plaintiffs' motion.  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2(a)&(d); NYLL §§ 195(1) & 195(3)-(4); N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2 (repealed eff. Jan. 1, 2011); *see also Frankel*, 930 F. Supp. at 67.  In fact,

because Plaintiffs' summary judgment motion is based on Defendants' failure to provide and

maintain notices and wage statements, if Defendants do not have the records, Plaintiffs win. *Id.*

> **A.**   **Prior to 2011, the NYLL Required Defendants to Maintain, for Six Years, Payroll Records Demonstrating That They Notified Tipped Workers That They Were Availing Themselves of the Tip Credit.**

Prior to January 2011, in order to avail themselves of the tip credit, Defendants had to

"furnish to [the] employee a statement with every payment of wages listing . . . allowances . . .

claimed as part of the minimum wage. . ." N.Y. Comp. Codes R. & Regs. tit. 12, § 137-2.2

(repealed eff. Jan. 1, 2011); *Salinas*, 2015 WL 4757618, at *15-16 (an employer may not take a

tip credit where it provides wage statements that "do not record that any of the tip income was

claimed as part of the minimum wage.") (internal quotation marks omitted).

The law required the *employer*, not the employee, to "maintain and preserve for not less

than six years weekly payroll records . . . for [the] employee [showing] . . . allowances . . .

claimed as part of the minimum wage.'" *See Salinas*, 2015 WL 4757618, at *15-16 (quoting

N.Y. Comp. Codes R. & Regs. tit. 12, § 137–2.2 & 2.1(a) (repealed eff. Jan. 1, 2011); *Kim v.

Kum Gang, Inc.*, No. 12 Civ. 6344, 2015 WL 2222438, at *23 (S.D.N.Y. Mar. 19, 2015) (same).

Because Defendants failed to maintain records demonstrating they properly notified Moving

Plaintiffs prior to 2011 that they were taking a tip credit allowance, Moving Plaintiffs are entitled

to summary judgment on this claim, and no further discovery is needed. *See Padilla v.

Manlapaz*, 643 F. Supp. 2d 302, 310 (E.D.N.Y. 2009) (granting employees summary judgment

on their N.Y. Comp. Codes R. & Regs. tit. 12, § 137–2.2 claim where employer failed to

maintain payroll records).

**B.     Since 2011, the NYLL Has Required Defendants to Maintain, for Six Years, a Signed Acknowledgement Demonstrating That They Notified Tipped Workers That They Were Availing Themselves of the Tip Credit.**

After January 2011, in order to avail themselves of the tip credit, Defendants had to provide tipped employees with "*written* notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday."  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2(a) (emphasis added).  The notice must also "state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate."  *Id.*

The law requires the *employer*, and not the employees, to keep "on file" an "acknowledgment of receipt signed by the employee" of the proper written notice for "six years."  N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2(c).  If Defendants do not have these documents in their records, Plaintiffs are entitled to summary judgment on this claim and no further discovery is needed.  *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 25, 39 (E.D.N.Y. 2015) (granting employees judgment where employer failed to maintain any records of the tip notice); *Kim*, 2015 WL 2222438, at *24 (same).

**C.     The NYLL Requires Defendants to Maintain, for Six Years, a Signed Acknowledgement Demonstrating That They Provided Workers With the Proper Annual Notice Pursuant to § 195(1)(a).**

Since April 2011, NYLL § 195(1) has required employers to provide annual notice in English and the employee's primary language that contains the following information:

 (1) the rate or rates of pay and basis thereof; (2) allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; (3) the regular pay day designated by the employer; (4) the employer's name; (5) any "doing business as" names used by the employer; (6) the physical address of the employer's main office or principal place of business, and a mailing address if different; (7) the employer's telephone number; and (8) such other information as the commissioner deems material and necessary.

14

*Salinas*, 2015 WL 4757618, at \*22 (citing NYLL § 195(1)(a)).

The law requires the *employer*, and not the employees, to "preserve and maintain for six years" a "signed and dated written acknowledgement" that the employee received proper notice. NYLL § 195(1)(a).  Because Defendants failed to maintain records demonstrating that they properly complied with NYLL § 195(1), Moving Plaintiffs are entitled to summary judgment on this claim and no further discovery is needed.  *See Salinas*, 2015 WL 4757618, at \*22 (finding in favor of employees when employers' records demonstrated that the annual notice did not comply with NYLL § 195); *see also Mattia*, 2013 WL 2339925, at \*3 (finding the written notice requirement to be "strict" and holding that employer could not use constructive knowledge as a defense to not providing annual notice).

> **D.      The NYLL Requires Defendants to Maintain, for Six Years, Payroll Records Pursuant to § 195(1)(a).**

Since April 2011, NYLL § 195(3) has required that employers furnish to all non-exempt employees wage statements with the following information:

> dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. . . . [T]he statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

NYLL § 195(3).

The law requires the *employer*, and not the employees, to "maintain and preserve for not less than six years" the wage statements pursuant to NYLL § 195(3).  NYLL § 195(4).  Because Defendants failed to maintain records demonstrating that they properly complied with NYLL § 195(3), Moving Plaintiffs are entitled to summary judgment on this claim and no further discovery is needed.  *Salinas*, 2015 WL 4757618, at \*22 (finding wage statements non-compliant

where they "show only that [P]laintiffs earned tip-related income" and do not list the tip credit as an allowance) (internal quotation marks and citation omitted); *Inclan v. N.Y. Hospitality Grp., Inc.*, 95 F. Supp. 3d 490, 502 (S.D.N.Y. 2015) (same).

## IV.   Defendants Should Make Their Legal Arguments in Opposition to Plaintiffs' Summary Judgment Motion.

Defendants legal argument – that the Court should consider whether Defendants provided constructive notice to the Moving Plaintiffs regarding the tip notice, the annual notice, and the wage statement requirements, *see* Defs.' Br. 5-7, 15-17, should be part of Defendants' opposition to Plaintiffs' summary judgment motion, and not the basis of a Rule 56(d) motion.

In any event, Defendants are wrong that the Court should not strictly interpret the NYLL notice requirements.[3]  To evaluate Plaintiffs' summary judgment motion, the Court will necessarily decide the legal threshold question of whether the notice claims required the specific components outlined in the NYLL and whether the NYLL requires Defendants to maintain and preserve the relevant notices and wage statements.  *See* ECF No. 270 (Pls.' Memo. of Law in Supp. of Motion for Partial Summ. J.) 15-26.  The evidence Defendants purportedly seek does not go to this issue and "would not create an issue of material fact" that would preclude summary judgment.  *See CIT Grp./Commercial Servs., Inc. v. Prisco*, 640 F. Supp. 2d 401, 409 (S.D.N.Y. 2009); *see also Sage Realty Corp. v. Ins. Co. of N. Am.*, 34 F.3d 124, 128 (2d Cir. 1994) ("[T]he discovery sought must be material to the opposition of the summary judgment motion.").

---

[3]    *See Salinas*, 2015 WL 4757618, at *15; *Mattia*, 2013 WL 2339925, at *3 (finding written notice requirement to be "strict" and holding that employer could not use constructive knowledge as a defense to not providing the annual notice); *Mendez*, 2012 WL 3133547, at *4 ("the NYLL impose[d] certain notice requirements on employers that [were] strict prerequisites to taking [tip credits].") (internal quotation marks and citation omitted).

**V.      Moving Plaintiffs' Slight Modification in Their Rule 56.1 Statement Was Necessary Because of Documents Defendants Produced Late and Did Not Change Any Substantive Argument.**

Defendants' purported surprise that Plaintiffs slightly amended their Rule 56.1 Statement prior to filing, Defs.' Br. 5-9, is disingenuous because it was Defendants' late production of documents that necessitated the minor changes.  Swartz Decl. ¶ 22 (modifications in Plaintiffs' Rule 56.1 Statement reflect documents produced by Defendants on September 10, 2015 and September 22, 2015).  *All the changes in the Rule 56.1 Statement before the filing reflect documents Defendants produced after Plaintiffs served the original Rule 56.1 Statement.  Id.*

More importantly, none of the information that Defendants produced late and that Plaintiffs added has any bearing on the outcome of the summary judgment motion except Defendants' later production for Patrick Pink, Defs.' Br. 8-9, which *supports* Pink's statutory claims.

Finally, Defendants maintain the pay records that they produced late in a centralized location.  Ex. 2 (Basis Tr.) 195:8-24. However, Defendants were not able to explain why they waited until Plaintiffs' Rule 56.1 statement was due to produce them.

## CONCLUSION

For the foregoing reasons, Moving Plaintiffs respectfully request that the Court deny Defendants' Motion to Continue Plaintiffs' Motion for Summary Judgment Under Federal Rule of Civil Procedure 56(d), ECF No. 285, and order the parties to complete the briefing on Plaintiffs' Motion for Partial Summary Judgment, ECF No. 269.

Dated: New York, New York
        November 10, 2015

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:

/s/ Justin M. Swartz

Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Sally J. Abrahamson
Chauniqua D. Young
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and*
*the Putative Class*