| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Justin M. Swartz<br>Sally J. Abrahamson<br>Chauniqua D. Young<br>3 Park Avenue, 29th Floor<br>New York, New York 10016<br>Telephone: (212) 245-1000 | **FITAPELLI & SCHAFFER, LLP**<br>Joseph A. Fitapelli<br>Brian Schaffer<br>Frank J. Mazzaferro<br>475 Park Avenue South, 12th Floor<br>New York, New York 10016<br>Telephone: (212) 300-0375 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMEL FLOOD, IRA HEASTON, ISSAC HEASTON, TASHAUNA REID, PATRICK PINK, AMY COURTEMANCHE, EURY ESPINAL, and JOSE FERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>   -against-<br><br>CARLSON RESTAURANTS INC., CARLSON RESTAURANTS WORLDWIDE, INC., and TGI FRIDAY'S INC.,<br><br>                Defendants. | 14 Civ. 2740 (AT) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY AND PROPOSED THIRD AMENDED CLASS ACTION
COMPLAINT ............................................................................................................................ 1

I.    Procedural History ............................................................................................... 1

II.    Proposed Third Amended Class Action Complaint ............................................. 3

ARGUMENT ............................................................................................................................. 4

I.    Courts Freely Grant Motions to Amend .............................................................. 4

    A.    Courts Routinely Grant Motions to Amend Under the Permissive Standards of Federal Rules of Civil Procedure 15 and 20 ............................. 4

    B.    Courts Routinely Grant Plaintiffs Leave to Add Additional Named Plaintiffs in Wage and Hour Class and Collective Actions ..................................... 6

II.    The Proposed Amendments Satisfy Rules 15 and 21 .......................................... 8

    A.    Each of the Rule 15 Factors Favor Allowing Plaintiffs to File the TAC ............... 8

        1.    The Proposed Amendments Are Not Futile ................................................ 8

        2.    Defendants Cannot Show that There Has Been Undue Delay, Bad Faith, or Dilatory Motive ....................................................................... 9

        3.    Defendants Cannot Show that They Will Be Prejudiced ........................... 10

    B.    The Proposed Amendments Also Satisfy Rule 21's Permissive Joinder Standard. ............................................................................................................ 11

CONCLUSION ........................................................................................................................ 13

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                                           **PAGE(S)**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
    87 F. Supp. 2d 281 (S.D.N.Y. 2000)..................................................................................................11

*Benedict v. Hewlett-Packard Co.*,
    No. 13 Civ. 119 (N.D. Cal.) (attached as Exhibit B) ................................................................7

*Blesedell v. Mobil Oil Co.*,
    708 F. Supp. 1408 (S.D.N.Y 1989)..........................................................................................12

*Flood v. Carlson Rests. Inc.*,
    No. 14 Civ. 2740 (AT), 2015 WL 1396257 (S.D.N.Y. Mar. 27, 2015) ......................................3

*Flood v. Carlson Rests. Inc.*,
    No. 14 Civ. 2740 (AT), 2015 WL 260436 (S.D.N.Y. Jan. 20, 2015)........................................2

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................................................................5, 8

*Gilliam v. Addicts Rehab. Ctr. Fund*,
    No. 05 Civ. 3452, 2006 WL 1049352 (S.D.N.Y. Apr. 19, 2006).........................................6, 13

*Haddock v. Nationwide Fin. Servs. Inc.*,
    514 F. Supp. 2d 267 (D. Conn. 2007).......................................................................................10

*Liegey v. Ellen Figg, Inc.*,
    No. 02 Civ. 1492, 2003 WL 21361724 (S.D.N.Y. June 11, 2003)...........................................12

*Lynch v. U.S. Auto. Ass'n*,
    614 F. Supp. 2d 398 (S.D.N.Y. 2007)........................................................................................6

*Monahan v. New York City Dep't of Corr.*,
    214 F.3d 275 (2d Cir. 2000).....................................................................................................11

*Presser v. Key Food Stores Co-op., Inc.*,
    218 F.R.D. 53 (E.D.N.Y. 2003) .................................................................................................8

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
    46 F.3d 230 (2d Cir. 1995).........................................................................................................5

*Randolph-Rand Corp. of N.Y. v. Tidy Handbags, Inc.*,
    No. 96 Civ. 1829, 2001 WL 1286989 (S.D.N.Y. Oct. 24, 2001) .............................................11

*RSM Prod. Corp. v. Fridman*,
    No. 06 Civ. 11512, 2008 WL 474144 (S.D.N.Y. Feb. 19, 2008) ..............................................6

*Ruggles v. Wellpoint, Inc.*,
    687 F. Supp. 2d 30 (N.D.N.Y. 2009) ...................................................................... 6, 7, 9

*Salomon v. Adderley Indus., Inc.*,
    960 F. Supp. 2d 502 (S.D.N.Y. 2013) ...................................................................... 10, 11

*Scott v. Chipotle Mexican Grill, Inc.*,
    300 F.R.D. 193 (S.D.N.Y. 2014) ............................................................................. 4, 6, 10

*Soler v. G & U, Inc.*,
    86 F.R.D. 524 (S.D.N.Y. 1980) .............................................................................. 12, 13

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
    283 F.R.D. 142 (S.D.N.Y. 2012) ............................................................................. 5

*State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*,
    246 F.R.D. 143 (E.D.N.Y. 2007) ............................................................................. 5

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981) .................................................................................... 6

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) ................................................................................................ 5

*United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*,
    889 F.2d 1248 (2d Cir. 1989) .................................................................................. 11

**STATUTES**

California Labor Code and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ........................................................................................................ 7

California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194 ............................ 7

California Labor Code § 2698, *et seq.*, Labor Code Private Attorneys General Act of 2004 ........................................................................................................ 7

Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.* ................................................ 8

Colorado Wage Act, C.R.S. § 8-4-101 *et seq.* .............................................................. 8

Connecticut Minimum Wage Act, Connecticut General Statutes §§ 31-58, *et seq.* ........ 8

Florida Minimum Wage Act 448.110, *et seq.* ............................................................... 8

Illinois Minimum Wage Law, 820 ILCS 105/3(d) *et seq.* .............................................. 8

Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ............. 8

Maryland Wage & Hour Law, Md. Lab. & Empl. Code Ann. § 3-413, *et seq.* ...............................8

Maryland Wage Payment and Collection Law, Md. Lab. & Empl. Code Ann. § 3-501, *et seq.* .................................................................................................................8

Michigan Minimum Wage Law, Mich. Comp. Laws § 408.381, *et. seq.* ........................................8

Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411, *et. seq.* .................................................................................................................8

Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* .......................................................8

Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ....................................8

**OTHER AUTHORITIES**

6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.) ............5

Article X, Section 24(a) of the Florida Constitution.......................................................................8

California Wage Order Number 5....................................................................................................8

Fed. R. Civ. P. 15 .............................................................................................................................4

Fed. R. Civ. P. 20 ...........................................................................................................................12

**PRELIMINARY STATEMENT**

The Court should allow Plaintiffs to file their proposed Third Amended Class Action Complaint[1] ("TAC"), which adds 12 new named Plaintiffs, each of whom has already joined this lawsuit as a Fair Labor Standards Act ("FLSA") opt-in Plaintiff, and their state law class wage claims.

The Court should employ its broad discretion to permit the amendments under the lenient standards of Federal Rules of Civil Procedure 15 and 21. Each of the relevant considerations weighs in favor of granting Plaintiffs' motion. The legal requirements for the new state law claims are almost identical to those of the FLSA claims and the state law claims that Plaintiffs have already pled in their Second Amended Class Action Complaint ("SAC"). They also arise from the same conduct, transactions, and occurrences. Moreover, the proposed amendments are made in good faith and will not prejudice Defendants in any way.

**PROCEDURAL HISTORY AND
PROPOSED THIRD AMENDED CLASS ACTION COMPLAINT**

**I.      Procedural History**

Plaintiffs filed their initial Class Action Complaint on April 17, 2014, bringing nationwide collective action claims under the FLSA, and Federal Rule of Civil Procedure 23 class claims under the New York Labor Law ("NYLL"). The Complaint was brought on behalf of hourly restaurant workers alleging that Carlson Restaurants Inc., Carlson Restaurants Worldwide Inc., and T.G.I. Friday's Inc. (collectively "Carlson" or "Defendants") denied them important wage rights. Specifically, Plaintiffs alleged that Carlson forced its servers, bussers, runners, bartenders, barbacks, and hosts (collectively "tipped workers") to work off-the-clock

---

[1]     A copy of the proposed TAC is attached as Exhibit A to the Declaration of Justin M. Swartz ("Swartz Decl."). All exhibits referenced herein are attached to the Swartz Decl.

without pay, failing to provide them with legally-required notices and information, requiring them to share tips with tip-ineligible workers, and requiring them to be engaged in a dual occupation as well as to spend a substantial amount of time performing non-tipped side work while paying them a reduced minimum wage, among other unlawful wage practices. ECF No. 1.

The Court entered a Scheduling Order on August 1, 2014. ECF No. 31. The Scheduling Order states, in relevant part:

> Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.
>
> However, if the Court grants Plaintiffs' contemplated motion for FLSA conditional certification, after the opt-in period, Plaintiffs intend to move to amend to add additional state law claims under Federal Rule of Civil Procedure 23 and class representatives for those claims. Any motion to amend will be made within 30 days after the opt-in period expires should the Court grant Plaintiffs' motion for FLSA conditional certification. Defendants reserve the right to object.

ECF No. 31 at ¶ 3.[2]

On November 7, 2014, Plaintiffs requested leave to amend their Complaint to add additional named Plaintiffs and to add class claims under Massachusetts state wage and hour laws, ECF No. 59, which the Court granted, ECF No. 77. Plaintiffs filed their First Amended Complaint on December 9, 2014. ECF No. 73.

On September 5, 2014, Plaintiffs filed their motion for conditional certification, ECF No. 43, which the Court granted on January 20, 2015 and authorized Plaintiffs to send nationwide notice to more than 40,000 other workers. *See Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740 (AT), 2015 WL 260436, at *1 (S.D.N.Y. Jan. 20, 2015). On March 27, 2015, the Court also denied Carlson's motion to transfer venue to the Northern District of Texas and its motion to

---

[2] On January 13, 2016, Plaintiffs provided Defendants with a copy of the TAC. Swartz Decl. ¶ 17. Defendants do not consent to Plaintiffs' amendment but refused to provide a reason for the objection. *Id.*

dismiss Plaintiffs' FLSA minimum wage claims. *See Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740 (AT), 2015 WL 1396257, at *1 (S.D.N.Y. Mar. 27, 2015). The parties also stipulated to Plaintiffs' SAC, which was filed on April 15, 2015, adding New Jersey state law claims. ECF No. 175.

On March 12, 2015, the Court entered the parties' stipulation, staying all discovery deadlines. ECF No. 166. The parties attended a mediation session on April 16, 2015, but it did not result in a settlement. *See* ECF No. 194. Thereafter, the parties continued their negotiations and engaged in limited discovery. Swartz Decl. ¶ 11. The parties held a second mediation session on August 17, 2015, which also was unsuccessful. *See id.* ¶ 12.

On August 19, 2015, Plaintiffs sent notice of the conditional certification to more than 40,000 tipped workers. *Id.* ¶ 13. When the opt-in period ended on October 19, 2015, approximately 2,960 workers had joined the case. *Id.* ¶ 14. The Court then granted Plaintiffs' motion to extend the deadline to opt-in, setting the new deadline for December 19, 2015. ECF No. 287. As of today, 4,605 workers have opted into this action. *Id.* ¶ 16.

## II. Proposed Third Amended Class Action Complaint

The TAC adds additional minimum wage, overtime, and related state claims on behalf of the following new Named Plaintiffs:

1) California, on behalf of new named Plaintiff Amber Swan ("Swan");

2) Colorado, on behalf of Benjamin Kramer ("Kramer") and Amanda Stewart ("Stewart");

3) Connecticut, on behalf of Nichole Marino ("Marino");

4) Florida, on behalf of John Verdin ("Verdin");

5) Illinois, on behalf of Kristine Zeffield ("Zeffield") and Sydni Smith ("Smith");

6) Maryland, on behalf of Jane Bateman ("Bateman");

3

      7)      Michigan, on behalf of Joseph Lombard ("Lombard"); and

      8)      Pennsylvania, on behalf of Amber Butler ("Butler").

Like the current named Plaintiffs and thousands of other opt-in Plaintiffs, the new named Plaintiffs worked for Defendants as tipped workers and were subject to the same corporate policies and practices. Defendants paid them all the tipped minimum wage as opposed to the full minimum wage because Defendants classified them as tipped workers not entitled to the full minimum wage under the same blanket policy.[3]

The TAC also removes all Massachusetts state law claims due to the settlement and final approval in *Rotatori v. T.G.I. Friday's, Inc.*, No. 14-0081B (Mass. Super. Ct.). It also removes three named Plaintiffs who have settled their claims and replaces Patrick Pink, a New York named Plaintiff, with two other New York workers, Julio Zorrilla and Matthew Mackey, both of whom Defendants have already deposed.

## ARGUMENT

**I.    Courts Freely Grant Motions to Amend.**

    **A.    Courts Routinely Grant Motions to Amend Under the Permissive Standards of Federal Rules of Civil Procedure 15 and 20.**

Rule 15 embodies a liberal amendment policy under which courts have broad discretion to permit amendments. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see also Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014) (same). The U.S. Supreme Court has made clear that leave should be granted unless the party opposing the amendment shows that it is the product of "undue delay, bad faith

---

[3]    Plaintiff Swan was paid the California minimum wage for her work on-the-clock because California does not have a tipped minimum wage. Cal. Lab. Code § 351; Ex. A (TAC) ¶¶ 467-82. However, like the other Plaintiffs, Plaintiff Swan had to work off-the-clock and she was uncompensated for that time. Ex. A (TAC) ¶¶ 467-82.

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) ("The Supreme Court has emphasized that amendment should normally be permitted, and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'") (quoting *Foman*, 371 U.S. at 182). Accordingly, "[i]f no prejudice is found, then leave normally will be granted." 6 Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 1484 (3d ed.). The party opposing the motion for leave to amend carries the burden of demonstrating that it will be substantially prejudiced by the amendments, a burden Carlson cannot meet. *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148 (E.D.N.Y. 2007) ("Any prejudice demonstrated 'must be balanced against the court's interest in litigating all claims in a single action and any prejudice to the movant which would result from a denial of the motion.'").

Similarly, Rule 21 provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The same liberal standard favoring leave to amend under Rule 15 applies to the addition of parties under Rule 21. *See Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) ("'Although Rule 21, not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.'") (internal citation omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). Under Rule 21, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

As discussed more fully below, none of the reasons for denying a motion to amend the complaint are present here.  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." *See Scott*, 300 F.R.D. at 200; *RSM Prod. Corp. v. Fridman,* No. 06 Civ. 11512, 2008 WL 474144, at *3 (S.D.N.Y. Feb. 19, 2008) ("The standard in the Second Circuit is that a 'motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'") (quoting *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n.6 (2d Cir. 1987)); *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981)).

### B. Courts Routinely Grant Plaintiffs Leave to Add Additional Named Plaintiffs in Wage and Hour Class and Collective Actions.

"The addition of new plaintiffs and class representatives in a FLSA action is generally allowed provided that the claims asserted by the new parties 'involve the same or related factual and legal questions,'" as the SAC.  *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).  Moreover, "[i]n class actions, plaintiffs may add or modify class representatives during pre-class certification discovery." *Id.* (citing *Rohrer v. FSI Futures, Inc.*, No. 94 Civ. 6345, 1997 WL 792955, at *1 (S.D.N.Y. Dec. 23, 1997)).

Courts routinely allow such amendments to add state law claims following the notice and opt-in process.  *See, e.g., Scott*, 300 F.R.D. at 199 (granting leave to add state law claims for opt-in plaintiffs); *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 33 (N.D.N.Y. 2009) (same); *Lynch v. U.S. Auto. Ass'n*, 614 F. Supp. 2d 398, 400, 404 (S.D.N.Y. 2007) (same); *Gilliam*, 2006 WL 1049352, at *2 (granting leave to add new state law classes, and reasoning that "the new named plaintiffs and class representatives have either already opted into the lawsuit prior to seeking this

6

amendment, thus, providing defendants with prior notice of their claims, or assert identical wage and hour claims as those of the plaintiffs in the original complaint"); *Benedict v. Hewlett-Packard Co.*, No. 13 Civ. 119 (N.D. Cal.) (ECF Nos. 178 & 183) (setting deadline for amendment of the pleadings for after the end of the notice period based on plaintiffs' anticipated request to add additional Rule 23 state law classes following notice) (attached as Exhibit B).

For example, in *Ruggles*, 687 F. Supp. 2d at 33, the district court granted plaintiffs' motion for leave to amend the FLSA complaint to add new named plaintiffs to serve as Rule 23 class representatives for new Illinois and California claims. Plaintiffs moved to amend after the close of the notice period and during the discovery period, but before any Rule 23 class certification motions. *Id.* at 32, 34. The district court granted leave to amend, reasoning that the full universe of potential state law claims could not be known until the end of the notice period, and that the addition of the state law class claims would not impose any additional burden on the defendant because the state law overtime claims were substantially similar to the FLSA claims. *Id.* at 34-36.

Here, like in *Ruggles*, the state law minimum wage and overtime claims Plaintiffs seek to add are substantially similar to the FLSA claims. Aside from California, which prohibits off-the-clock work like the FLSA and all the other state laws, Plaintiffs' proposed TAC includes state law causes of actions which require employers to meet strict requirements before paying the tipped minimum wage. *See* California Labor Code and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.*, and the California Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194, California Wage Order Number 5; Colorado Wage Act, C.R.S. § 8-4-101, *et seq.*, the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*; Connecticut Minimum Wage Act,

Connecticut General Statutes §§ 31-58, *et seq.*; Article X, Section 24(a) of the Florida Constitution and the Florida Minimum Wage Act 448.110, *et seq.*; Illinois Minimum Wage Law, 820 ILCS 105/3(d), *et seq.* and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*; the Maryland Wage Payment and Collection Law, Md. Lab. & Empl. Code Ann. § 3-501, *et seq.*, and Maryland Wage & Hour Law, Md. Lab. & Empl. Code Ann. § 3-413, *et seq.*; Michigan Minimum Wage Law, Mich. Comp. Laws § 408.381, *et. seq.*, and the Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411, *et. seq.*; Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*

## II. The Proposed Amendments Satisfy Rules 15 and 21.

### A. Each of the Rule 15 Factors Favor Allowing Plaintiffs to File the TAC.

The Court should grant Plaintiffs leave to file the TAC because Defendants cannot show that the amendments are futile, the product of "undue delay, bad faith or dilatory motive," or that they will cause Defendants "undue prejudice." *Foman*, 371 U.S. at 182.

#### 1. The Proposed Amendments Are Not Futile.

The proposed amendments are not futile because they "would survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)[.]" *Presser v. Key Food Stores Co-op., Inc.*, 218 F.R.D. 53, 55-56 (E.D.N.Y. 2003). Plaintiffs will allege sufficient facts to support the addition of Zorrilla, Mackey, Fernandez, Kramer, Stewart, Swan, Zeffield, Smith, Marino, Butler, Verdin, Bateman, and Lombard as named plaintiffs and class representatives for California, Colorado, Connecticut, Florida, Illinois, Maryland, Michigan, and Pennsylvania. Ex. A (TAC) ¶¶ 341-62, 384-405, 424-609. In fact, Plaintiffs have already survived a motion to dismiss the FLSA claims, which mirror all the TAC's additional state claims. *Supra* Section I.

8

The additional Plaintiffs were tipped workers paid less than the minimum wage,[4] and they all suffered Defendants' policies of: (1) failing to notify them of the tip credit provision of the FLSA and related state laws; (2) requiring tipped employees to perform non-tip producing duties that are related to their tipped duties for more than 20 percent of their shift; (3) requiring to engage in a dual job; (4) requiring tipped workers to distribute tips to tip-ineligible employees; (5) requiring employees to work off-the-clock; and (6) taking illegal deductions from the tipped workers, for example for walkouts and uniforms, which caused the tipped workers to earn less than the minimum wage.  Ex. A (TAC) ¶¶ 341-62, 384-405, 424-609.  The proposed new named Plaintiffs are willing and able to serve as class representatives, and they worked within the applicable statutes of limitations for the state law claims they are now seeking to bring.  *Id.*

        **2.**      **Defendants Cannot Show that There Has Been Undue Delay, Bad Faith, or Dilatory Motive.**

Plaintiffs have not delayed in moving to amend, and there is no evidence of bad faith.  Plaintiffs' motion to amend has been filed within the deadline set forth in the Court's Scheduling Order.  ECF No. 31.  Plaintiffs justifiably waited until the end of the opt-in period before moving to amend, and after conducting interviews with the opt-in plaintiffs and researching relevant state laws – a lengthy process, given that over 4,605 plaintiffs from 29 states opted into this lawsuit.  *See Ruggles*, 687 F. Supp. 2d at 34 ("Plaintiffs' decision to await the end of the opt-in period prior to filing the [motion to amend] was not unreasonable . . . .  Had Plaintiffs filed a motion to amend prior to the close of the opt-in period, they might have been placed in the unenviable position of having to request a second motion to amend to include causes of actions arising under the laws of other states . . . , which would have been in bad form.").

---

[4]     *Supra* n.3.

9

Furthermore, even if Plaintiffs had delayed in filing this motion, it would not by itself be grounds for the Court to deny leave. "Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 508 (S.D.N.Y. 2013) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). Where courts have found "no evidence that the [movants] have intentionally delayed amending their complaint as a strategic matter," leave to amend is typically granted. *See Haddock v. Nationwide Fin. Servs. Inc.*, 514 F. Supp. 2d 267, 271 (D. Conn. 2007). There is no such evidence here.

### 3. Defendants Cannot Show that They Will Be Prejudiced.

Although Defendants may not wish to defend additional minimum wage and overtime claims, it cannot show that it will be prejudiced by the amendment. "An amendment may be prejudicial if it would (1) require the defendant to expend 'significant additional resources' to conduct discovery, or would (2) 'significantly delay' the resolution of the dispute." *Scott*, 300 F.R.D. at 200 (finding that where plaintiffs moved to amend the complaint after some, but not all, discovery had taken place, defendant was not prejudiced).

Here, because the new allegations mirror the FLSA and existing state law claims, no significant additional resources will be needed to conduct discovery. The amendment does not inject new facts, but merely seeks to add parallel state law claims for opt-in plaintiffs who have already joined the case. The proposed named Plaintiffs all worked in the same position and suffered the same alleged violations of the law as those alleged in the SAC. Only where an amendment is so unexpected as to "impede the fair prosecution of the claim" would it warrant denial. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). Further, because classwide discovery has yet to commence, Defendants cannot argue there will be any

burden to the existing discovery plan. *Salomon*, 960 F. Supp. 2d at 508 (where the added claims were the same as in the original complaint, further discovery was, on its own, an adequate ground to deny an amendment to a complaint).

"In any event, the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant the denial of a motion to amend a pleading." *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989). In addition, claims "that an amendment will require the expenditure of additional time, effort, or money do not constitute undue prejudice." *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Block*, 988 F.2d at 350-51) (internal quotation marks omitted); *see also Randolph-Rand Corp. of N.Y. v. Tidy Handbags, Inc.*, No. 96 Civ. 1829, 2001 WL 1286989, at *4 (S.D.N.Y. Oct. 24, 2001) (citation omitted).

This is especially true here, where it is more efficient and presumably less burdensome for Defendants to respond to tipped workers claims in one case than it would be if Plaintiffs were required to file new actions around the country. *See Randolph-Rand*, 2001 WL 1286989, at *4 ("[F]orcing [plaintiffs] to institute a new action against . . . defendants would run counter to the interests of judicial economy. If that separate lawsuit were not eventually consolidated with this one, it might well require the repetition of many of the same efforts expended in this case.") (citation omitted).

### B. The Proposed Amendments Also Satisfy Rule 21's Permissive Joinder Standard.

Plaintiffs' motion should also be granted under Rule 21's lenient joinder standard, which provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. This standard applies to motions to add parties under Rule 20(a)(1). Under that Rule, "[p]ersons may join in one action as plaintiffs if:

11

    (A)    they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (B)    any question of law or fact common to all plaintiffs will arise in the action."

Fed. R. Civ. P. 20(a)(1).

The phrase "same transaction or occurrence" includes all "logically related claims by or against different parties to be tried in a single proceeding." *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y 1989) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)) (internal quotation marks omitted). "Like Rule 15, the requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Liegey v. Ellen Figg, Inc.*, No. 02 Civ. 1492, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003) (quoting *A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.*, No. 97 Civ. 4978, 1998 WL 159059, at *5 (S.D.N.Y. Apr. 1, 1998)) (internal quotation marks omitted). Where, as here, the claims sought to be added "stem from the same allegedly unlawful practice originally challenged in th[e] action," *Soler*, 86 F.R.D. at 527, "[t]he interests of justice would best be served by litigating and resolving all the rights and liabilities existing between the parties in one lawsuit." *Id*. (citations omitted).

Proposed named Plaintiffs Zorrilla, Mackey, Fernandez, Kramer, Stewart, Swan, Zeffield, Smith, Marino, Butler, Verdin, Bateman, and Lombard meet the "same transaction or occurrence" standard because they allege the same facts that underlie the claims in the original complaint – Defendants paid tipped workers subminimum wages without meeting the strict requirements that would allow them to do so and required workers to work off-the-clock. *See* Ex. A (TAC) ¶¶ 341-62, 384-405, 424-609. The new state law claims are based on the same

facts and circumstances as the FLSA, New York Labor Law, and New Jersey Wage and Hour Law claims that Plaintiffs have already alleged.  *See id*.; *Gilliam*, 2006 WL 1049352, at *2 ("The addition of new plaintiffs and class representatives in a FLSA action is generally allowed provided that the claims asserted by the new parties involve the same or related factual and legal questions, . . . as the original complaint.") (quoting *Soler*, 83 F.R.D. at 528) (internal quotation marks omitted).

Where additional employees with identical claims are sought to be added during discovery, their "[j]oinder . . . would not create an unfair disadvantage for the defendants and may preserve judicial resources."  *Soler*, 86 F.R.D. at 528; *see also Gilliam*, 2006 WL 1049352, at *2.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant their Motion to Amend and permit them to file the proposed Third Amended Class Action Complaint.

Dated: New York, New York
      January 19, 2016

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By:   /s/ Justin M. Swartz
        Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Sally J. Abrahamson
Chauniqua D. Young
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli

                Brian S. Schaffer
                Frank J. Mazzaferro
                475 Park Avenue South, 12th Floor
                New York, New York 10016
                Telephone: (212) 300-0375

*Attorneys for Plaintiffs, the Collective, and the Putative Rule 23 Classes*