```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO ZORRILLA, TASHAUNA REID, MATTHEW MACKEY, JOSE FERNANDEZ, BENJAMIN KRAMER, AMANDA STEWART, AMBER SWAN, KRISTINE ZEFFIELD, SYDNI SMITH, NICHOLE MARINO, JOHN VERDIN, JANE BATEMAN, and JOSEPH LOMBARD, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

CARLSON RESTAURANTS INC., CARLSON RESTAURANTS WORLDWIDE INC., and T.G.I. FRIDAY'S INC.,

Defendants.

14 Civ. 2740 (AT)

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR PRELIMINARY**
**APPROVAL OF SETTLEMENT**

ANALISA TORRES, United States District Judge:

Plaintiffs, a group of restaurant workers,[1] bring this wage-and-hour class action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, alleging underpayment at Defendants' restaurants. Plaintiffs previously moved for preliminary approval of a proposed FLSA settlement agreement on September 15, 2017. *See* ECF No. 489. The Court rejected the agreement because (1) its confidentiality provision was impermissibly vague, and (2) its waivers and releases were too sweeping. ECF No. 494. Plaintiffs renew their motion for preliminary approval with a revised settlement agreement (the "Revised Agreement"). Pls. Mot., ECF No. 495. Defendants do not oppose the renewed motion. *Id.* For the reasons stated below, the motion for preliminary approval and conditional certification of the settlement class is GRANTED.

**DISCUSSION**

I.   Preliminary Approval of Settlement

The FLSA was designed "to correct and as rapidly as practicable to eliminate" an employer's practice of failing to pay its employees proper wages. 29 U.S.C. § 202(b). "The FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would coerce employees into settlement and waiver." *Armenta v. Dirty Bird Group, LLC*, No. 13 Civ. 4603, 2014 WL 3344287, at *1 (S.D.N.Y. June 27, 2014) (internal quotation marks and citation omitted). Therefore, "an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky*

---

[1] Plaintiffs are Julio Zorrilla, Tashauna Reid, Matthew Mackey, Jose Fernandez, Benjamin Kramer, Amanda Stewart, Amber Swan, Kristine Zeffield, Sydni Smith, Nichole Marino, John Verdin, Jane Bateman, Joseph Lombard, and a purported class of 28,800. *See* Swartz Decl. ¶ 42, ECF No. 497.

*v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see generally Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981).

District courts must evaluate whether a proposed FLSA settlement is "fair and reasonable" before entering judgment. *Wolinsky*, 900 F. Supp. 2d at 335. When conducting this inquiry, courts should consider "the totality of circumstances, including but not limited to" the following five factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id*. (internal quotation marks and citation omitted).[2]

Having carefully reviewed the parties' submissions and considered the *Wolinksy* factors, the Court finds the proposed settlement to be sufficiently "fair and reasonable" to merit preliminary approval. First, the Court concludes that the Revised Agreement is within the range of possible settlement approval, such that notice to the opt-in plaintiffs and class members is appropriate. *See* Revised Agreement, ECF No. 497-1; *In re Traffic Exec. Ass'n,* 627 F.2d 631, 634 (2d Cir. 1980). The Revised Agreement provides for a gross settlement amount of $19.1 million to settle the litigation, s*ee* Revised Agreement ¶ 41, a figure that represents between 20% and 115% of the amounts Plaintiffs estimate they could recover after full discovery, trial, and appeal, Pls. Mem. 30, ECF No. 496.

Second, after over three years of litigation, the Revised Agreement will allow the parties to avoid additional costs associated with litigating the case further. Continued litigation would be punctuated by additional non-dispositive and dispositive motions, witness depositions, document production, a trial, and a possible appeal. Completing each of these stages of litigation would be time-consuming, burdensome, and complicated, given the size of the putative class, the geographic distribution of the class members, and the interplay between federal law and the laws of several states. *See* Pls. Mem. 13; Swartz Decl. ¶ 42. At the same time, further litigation

---

[2] Generally, factors that weigh against settlement approval include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (internal quotation marks and citation omitted). As this case is a class action across several states, these factors likely do not apply here.

would not guarantee recovery for the class.

Third, the Court finds that the Revised Agreement is the result of extensive, arm's length negotiations by counsel for each party. Negotiations were conducted both directly between the parties' counsel and with the assistance of an experienced employment mediator, whom counsel met with on multiple occasions before reaching a settlement. Pls. Mem. 5–12.

Fourth, there is no evidence that the parties engaged in fraud or collusion. Moreover, the parties have eliminated the problematic confidentiality and waiver provisions included in the original agreement. Accordingly, the Revised Agreement no longer suffers from the deficiencies that previously precluded approval of the agreement. *See* Revised Agreement ¶ 112 (limiting release and waiver to claims related to those asserted in this lawsuit).

One remaining deficiency shall be corrected by amending the settlement agreement and notices to require only that class members mail, not "serve" objections on the Clerk of Court and the parties. *See, e.g.*, Revised Agreement ¶ 93 (requiring class members to object by "serv[ing]" any objection upon Class Counsel and Defendants' counsel).

Finally, Plaintiffs' counsel has indicated that counsel intends to move separately for Court approval of attorneys' fees equaling one-third of the settlement amount. Pls. Mem. 17. Accordingly, as no evidence has been submitted to support the one-third fee amount, the Court does not reach the issue of fees here. *See Wolinsky*, 900 F. Supp. 2d at 336 ("To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award.").

II.   Conditional Approval of the Proposed Rule 23 Settlement Class

Under Federal Rule of Civil Procedure 23(a), a class (1) must be "so numerous that joinder of all members is impracticable," (2) have "questions of law or fact [in] common," (3) have representatives whose "claims or defenses . . . are typical of the claims or defenses of the class," and (4) have representatives who "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Here, Plaintiffs meet all of the requirements for provisional class certification under Rule 23. Plaintiffs satisfy Rule 23(a)(1) because there are over 28,000 putative class members, including over 100 members per sub-class, Swartz Decl. ¶ 42, rendering joinder impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) (explaining that "numerosity is presumed at a level of 40 members").

Plaintiffs satisfy Rule 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants failed to pay minimum wages and overtime pay, failed to pay spread-of-hours pay, failed to reimburse workers for uniform-related expenses, and unlawfully took a "tip credit" despite requiring workers to perform non-tip producing work.

Plaintiffs satisfy Rule 23(a)(3) because common factual allegations and a common legal

3

theory predominate over any factual or legal variations among class and sub-class members. Additionally, Plaintiffs satisfy Rule 23(a)(4) because there is no evidence that the named Plaintiffs' and the class and sub-class members' interests are at odds. At the same time, Plaintiffs' counsel has extensive experience litigating wage and hour class actions. Swartz Decl. ¶¶ 4–11.

Accordingly, the Court conditionally certifies the proposed class and nine sub-classes identified in the Revised Agreement, *see* Revised Agreement ¶ 64, under Rule 23(e) for settlement purposes only. The Court also approves the named plaintiffs as the class representatives.

III.   Appointment of Plaintiffs' Counsel as Class Counsel

When appointing "Class Counsel," Rule 23(g) requires courts to consider "(i) the work counsel has done in identifying or investigating potential claims in the action"; "(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; "(iii) counsel's knowledge of the applicable law"; and "(iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g).

The Court appoints Outten & Golden LLP ("Outten") and Fitapelli & Schaffer, LLP ("Fitapelli") as Class Counsel because they meet all of the requirements of Rule 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008). Outten and Fitapelli have done substantial work identifying, investigating, and settling the class members' claims, and have significant experience in both prosecuting and settling wage and hour and discrimination class actions. *See Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637, 2015 WL 574280, at *4 (E.D.N.Y. Feb. 9, 2015) (explaining that Outten "has substantial experience prosecuting and settling nationwide wage and hour class and collective actions, and are well-versed in wage and hour law and class action law and are well-qualified to represent the interests of the class."); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11 Civ. 6835, 2012 WL 2458172, at *2 (S.D.N.Y. June 28, 2012) ("Courts have found . . . Fitapelli & Schaffer to be adequate class counsel in numerous employment law class actions.").

IV.   Class Notice

Rule 23(c)(2)(B) requires courts to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notices must "concisely and clearly" include " (i) the nature of the action"; "(ii) the definition of the class certified"; "(iii) the class claims, issues, or defenses"; "(iv) that a class member may enter an appearance through counsel if the member so desires"; "(v) that the court will exclude from the class any member who requests exclusion"; "(vi) the time and manner for requesting exclusion"; and "(vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Id.*

Here, the form and content of the notices comply with due process and Rule 23(g). The notice describes the terms of the settlement; explains what a class member needs to do to receive

payment, opt-out, or object to the settlement; informs the class about attorneys' fees; and provides a means for class members to get more information.

Only two deficiencies must be corrected. First, the notices shall be amended to require only "mailing" objections to counsel, not "serving" them upon counsel. Second, the reminder notices shall be amended to reflect that not only claim forms, but also requests for exclusion and objections are due by **February 19, 2018**.

Additionally, the notices shall be updated to reflect that the "Fairness Hearing" will be held at **12:00 p.m.** on **April 9, 2018**, in Courtroom 15D of the United States Courthouse located at 500 Pearl Street, New York, New York.

With these amendments, the Court approves the proposed notices of settlement to be sent to the putative class members, which are attached as Exhibits A–E to the Revised Agreement, and directs its distribution to the Class.

V.  Class Action Settlement Procedure

The Court hereby sets the following settlement procedure:

a.  By **November 9, 2017**, Defendants shall transmit the payment required by the Revised Agreement to the settlement account by either wire transfer or other appropriate means. If the Court ultimately does not enter a final order approving the settlement, the entire amount, including any interest earned, will be returned to Defendants, less any administration costs expended up to that point.

    With respect to the settlement account, the Claims Administrator shall comply with all applicable federal, state, and local law. No other funds shall be added to or comingled with the settlement account. In no event shall the Claims Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the settlement account except as expressly provided in the Revised Agreement.

    The settlement account, including all interest or other income generated herein, shall be *custodia legis*, and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any class member.

b.  By **November 9, 2017**, the Claims Administrator shall create and institute a dedicated website. The dedicated website shall include: (a) a brief welcome page approved by the parties; (b) the claim form; and (c) the notices.

c.  By **November 16, 2017**, Defendants shall provide the Claims Administrator and Class Counsel with the following information about each class member, in electronic form: (1) name, (2) last known home address, (3) last known social

security number (confidentially, to the Claims Administrator only), (4) e-mail address, if available, (5) the states the class member worked as a tipped worker for Defendants during the class period, and (6) the number of pay periods during the class period that the class member worked as a tipped worker.

For each opt-in plaintiff, Defendants will provide Class Counsel and the Claims Administrator with the following information in electronic form: (1) name; (2) last known home address; (3) last known social security number (confidentially, to the Claims Administrator only); (4) e-mail address, if available; and (5) the number of pay periods between April 17, 2011, and the October 26, 2017 that the opt-in plaintiff worked as a tipped worker for Defendants. Collectively this information will be referred to as the "Database."

d. By **December 18, 2017**, the Claims Administrator shall mail via first class mail through the U.S. Postal Service the notices to all class members at their last known addresses, as reflected in the Database. Prior to mailing, the Claims Administrator shall run the addresses through the U.S. Postal Service's National Change of Address database and update the last known address in the Database as necessary. The Claims Administrator shall also e-mail a link to the website described in paragraph (b) containing a copy of the notice packet to any class member for whom Defendants provided an e-mail address in the Database. Such e-mail shall also provide the URL address to the dedicated website maintained by the Claims Administrator.

e. Class members will have until **February 19, 2018** to return a claim form, opt out of the settlement, or object to it ("Notice Period"). Any form, request for exclusion, or objection postmarked on or before February 19, 2018 will be considered timely.

f. By **January 18, 2018**, the Claims Administrator shall mail via first class through the U.S. Postal Service and shall e-mail, if available, a notice reminder of the February 19, 2018 deadline to each class member that has not timely submitted a materially complete and executed claim form, request for exclusion, or objection. The proposed reminder notice shall be amended to clarify that not only claim forms, but also requests for exclusion and objections must be postmarked by February 19, 2018.

g. By **March 21, 2018**, Class Counsel shall move the Court for final approval of the Revised Agreement and submit a memorandum of law in support of an application for incentive awards, Class Counsel's attorneys' fees and costs, and the Claims Administrator's costs. Class Counsel shall also provide the Court with a declaration of due diligence and proof of mailing of the notices by the Claims Administrator.

h. The Court will hold a final fairness hearing on **April 9, 2018** at **12:00 p.m.** at the

United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, in Courtroom 15D.  Any class member may appear, at his or her own expense, at the final fairness hearing so long as he or she has (1) submitted a claim form by **February 19, 2018** and notice of intent to appear by **April 2, 2018**, or (2) mailed an objection and a notice of intent to appear by **February 19, 2018**.

i. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the class members.  Notice of any adjournment can be obtained from Class Counsel:

| | |
|---|---|
| Justin Swartz | Joseph A. Fitapelli |
| Outten & Golden LLP | Fitapelli & Schaffer |
| 685 Third Avenue, 25th Floor | 28 Liberty Street, 30th Floor |
| New York, NY 10017 | New York, NY 10005 |
| Tel: (212) 245-1000 | Tel: (212) 300-0375 |
| E-mail: tgifridayslawsuit@outtengolden.com | E-mail: info@fslawfirm.com |

j. If the Court grants Plaintiffs' motion for final approval of the Revised Agreement, the Court will issue a final order and judgment. If no party appeals the Court's final order and judgment, the effective date of the settlement will be **thirty-one** days after the Court enters the final order and judgment.

k. If rehearing, reconsideration, or appellate review is sought, the effective date shall be after any and all avenues of rehearing, reconsideration, or appellate review have been exhausted and no further rehearing, reconsideration, or appellate review is permitted, and the time for seeking such review has expired.

l. The Claims Administrator will disburse the class members' settlement checks, Class Counsel's attorneys' fees and expenses, the incentive awards, and the Claims Administrator's fees and costs within **fourteen** days of the Effective Date.

i. The parties shall abide by all other terms of the Revised Agreement.

SO ORDERED.

Dated: October 26, 2017
        New York, New York

_____
ANALISA TORRES
United States District Judge