# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JULIO ZORRILLA, TASHAUNA REID, MATTHEW MACKEY, JOSE FERNANDEZ, BENJAMIN KRAMER, AMANDA STEWART, AMBER SWAN, KRISTINE ZEFFIELD, SYDNI SMITH, NICHOLE MARINO, AMBER BUTLER, JOHN VERDIN, JANE BATEMAN, and JOSEPH LOMBARD on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**CARLSON RESTAURANTS INC., CARLSON RESTAURANTS WORLDWIDE INC., and T.G.I. FRIDAY'S INC.,**<br><br>**Defendants.** | **No. 14 Civ. 2740 (AT)** |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 2

I.      Counsel Are Entitled to a Reasonable Fee of One-Third of the Gross Settlement Fund. .......................................................................................... 2

II.     The Percentage Method Is the Preferred Method for Awarding Attorneys' Fees in Common Fund Cases in the Second Circuit. ........................................ 3

III.   The Court Should Award Class Counsel One-Third of the Settlement Fund. ........ 6

       A.     Class Counsel's Time and Labor. ................................................. 6

       B.     Magnitude and Complexity of the Litigation. ............................... 8

       C.     Risk of Litigation. .................................................................... 10

       D.     Quality of Representation. ........................................................ 11

       E.     Fee in Relation to the Settlement. ............................................. 13

       F.     Public Policy Considerations ..................................................... 15

IV.   The Lodestar Cross Check Further Supports an Award to Class Counsel of One-Third of the Settlement Amount. .................................................... 16

       A.     Class Counsel Will Spend Significant Time on This Case After Final Approval. ...................................................................... 18

       B.     The Time That Class Counsel Spent on the Litigation Is Well-Documented and Justified. .............................................. 18

       C.     Class Counsel's Rates are Reasonable Market Rates. ................ 19

V.     Class Counsel is Entitled to Reimbursement of Expenses Under the Settlement Agreement. .................................................................... 19

CONCLUSION .................................................................................................. 20

## TABLE OF AUTHORITIES

CASES                                                                                          PAGE(S)

*A.H. Phillips, Inc. v. Walling,*
    324 U.S. 490 (1945) ........................................................................................ 15

*Acevedo v. Workfit Med. LLC,*
    187 F. Supp. 3d 370 (W.D.N.Y. 2016) ............................................................ 14

*Alleyne v. Time Moving & Storage Inc.,*
    264 F.R.D. 41 (E.D.N.Y. 2010) ........................................................................ 14

*Amador v. Morgan Stanley & Co., LLC,*
    No. 11 Civ. 4326 (S.D.N.Y. Dec. 19, 2014) .................................................... 16

*Ansoumana v. Gristede's Operating Corp.,*
    201 F.R.D. 81 (S.D.N.Y. 2001) .......................................................................... 9

*Anwar v. Fairfield Greenwich Ltd.,*
    No. 09 Civ. 118, 2012 WL 1981505 (S.D.N.Y. June 1, 2012) .......................... 12

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany & Albany County
    Board of Elections,*
    522 F.3d 182 (2d Cir. 2008) ............................................................................... 5

*Asare v. Change Grp. of New York, Inc.,*
    No. 12 Civ. 3371, 2013 WL 6144764 (S.D.N.Y. Nov. 18, 2013) ..................... 11

*Authors Guild, Inc. v. Bass,*
    614 F. App'x 564 (2d Cir. 2015) ...................................................................... 17

*Barrentine v. Ark.-Best Freight Sys., Inc.,*
    450 U.S. 728 (1981) .......................................................................................... 8

*Beckman v. KeyBank, N.A.,*
    293 F.R.D. 467 (S.D.N.Y. 2013) ............................................................ 3, 9, 18

*Bijoux v. Amerigroup N.Y., LLC,*
    No. 14 Civ. 3891, 2016 WL 2839797 (E.D.N.Y. May 12, 2016) ..................... 19

*Boeing Co. v. Van Gemert,*
    444 U.S. 472 (1980) ........................................................................................ 15

*City of Detroit v. Grinnell Corp.,*
    495 F.2d 448 (2d Cir. 1974) ............................................................................. 10

*Clark v. Ecolab Inc.*,
No. 04 Civ. 4488, 2010 WL 1948198 (S.D.N.Y. May 11, 2010)............................................ 5

*Davis v. J.P. Morgan Chase & Co.*,
827 F. Supp. 2d 172 (W.D.N.Y. 2011) ................................................................................... 2

*deMunecas v. Bold Food, LLC*,
No. 09 Civ. 440, 2010 WL 3322580 (S.D.N.Y. Aug. 23, 2010) ........................................... 14

*Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*,
445 U.S. 326 (1980)........................................................................................................... 4, 16

*Diaz v. E. Locating Serv.*,
No. 10 Civ. 4082, 2010 WL 5507912 (S.D.N.Y. Nov. 29, 2010) ......................................... 14

*Elliot v. Leatherstocking Corp.*,
No. 10 Civ. 0934, 2012 WL 6024572 (N.D.N.Y. Dec. 4, 2012)............................................ 11

*Fleisher v. Phoenix Life Ins. Co.*,
No. 11 Civ. 8405, 2015 WL 10847814 (S.D.N.Y. Sept. 9, 2015) .......................................... 4

*Flores v. Anjost Corp.*,
No. 11 Civ. 1531, 2014 WL 321831 (S.D.N.Y. Jan. 29, 2014)..................................... 3, 4, 13

*Frank v. Eastman Kodak Co.*,
228 F.R.D. 174 (W.D.N.Y. 2005)...................................................................................... 12, 16

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
No. 09 Civ. 486, 2012 WL 5305694 (E.D.N.Y. Oct. 4, 2012) ............................................. 16

*Garcia v. Pasquareto*,
812 N.Y.S.2d 216 (App. Term. 2004) ................................................................................. 15

*Girault v. Supersol 661 Amsterdam, LLC*,
No. 11  Civ. 6835, 2012 WL 2458172 (S.D.N .Y. June 28, 2012).......................................... 13

*Goldberger v. Integrated Res., Inc.*,
209 F.3d 43 (2d Cir. 2000)............................................................................................... passim

*Guallpa v. N.Y. Pro Signs Inc.*,
No. 11 Civ. 3133, 2014 WL 2200393 (S.D.N.Y. May 27, 2014)........................................... 19

*Guallpa v. N.Y. Pro Signs Inc.*,
No. 11 Civ. 3133, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) ......................................... 19

*Hall v. ProSource Techs., LLC*,
No. 11 Civ. 2502, 2016 WL 1555128 (E.D.N.Y. Apr. 11, 2016)................................. 8, 16, 18

*In re Colgate-Palmolive Co. ERISA Litig.*,
   36 F. Supp. 3d 344 (S.D.N.Y. 2014)............................................................... 8, 16

*In re Indep. Energy Holdings PLC Sec. Litig.*,
   302 F. Supp. 2d 180 (S.D.N.Y. 2003) ................................................................... 19

*In re Nigeria Charter Flights Litig.*,
   No. 04 Civ. 304, 2011 WL 7945548 (E.D.N.Y. Aug. 25, 2011) ...................... 14, 15

*In re Sumitomo Copper Litig.*,
   74 F. Supp. 2d 393 (S.D.N.Y. 1999)................................................................... 5, 15

*In re Zyprexa Prods. Liab. Litig.*,
   594 F.3d 113 (2d Cir. 2010).................................................................................... 4

*Johnson v. Brennan*,
   No. 10 Civ. 4712, 2011 WL 4357376 (S.D.N.Y. Sept. 16, 2011) ...................... 5, 11

*Karic v. Major Auto. Companies, Inc.*,
   No. 09 Civ. 5708, 2015 WL 9433847 (E.D.N.Y. Dec. 22, 2015) ........................... 13

*Khait v. Whirlpool Corp.*,
   No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010)....................... 4, 19

*Manley v. Midan Rest. Inc.*,
   No. 14 Civ. 1693, 2017 WL 1155916 (S.D.N.Y. Mar. 27, 2017) ........................... 2

*Masters v. Wilhelmina Model Agency, Inc.*,
   473 F.3d 423 (2d Cir. 2007)............................................................................ 14, 15

*Matheson v. T-Bone Rest., LLC, et al., No. 09 Civ. 4214*,
   2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011) ...................................................... 13

*McDaniel v. Cnty. of Schenectady*,
   595 F.3d 411 (2d Cir. 2010)................................................................................... 4

*Monzon v. 103W77 Partners, LLC*,
   No. 13 Civ. 5951, 2015 WL 993038 (S.D.N.Y. Mar. 5, 2015) ........................... 2, 3

*Morris v. Affinity Health Plan, Inc.*,
   859 F. Supp. 2d 611 (S.D.N.Y. 2012)........................................................... 5, 13, 14

*Parker v. Jekyll & Hyde Entm't Holdings, LLC*,
   No. 08 Civ. 7670, 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010) ............................... 8

*Pearson v. NBTY, Inc.*,
   772 F.3d 778 (7th Cir. 2014) ............................................................................... 15

*Puglisi v. TD Bank, N.A.*,
   No. 13 Civ. 637, 2015 WL 4608655 (E.D.N.Y. July 30, 2015) .......................................... 3, 19

*Raniere v. Citigroup Inc.*,
   310 F.R.D. 211 (S.D.N.Y. 2015) ...................................................................................... 19

*Rozell v. Ross–Holst*,
   576 F. Supp. 2d 527 (S.D.N.Y. 2008) ............................................................................... 19

*Sanchez v. N.Y. Kimchi Catering, Corp.*,
   320 F.R.D. 366 (S.D.N.Y. 2017) ...................................................................................... 11

*Sand v. Greenberg*,
   No. 08 Civ. 7840, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010) ............................................... 4, 16

*Savoie v. Merchs. Bank*,
   166 F.3d 456 (2d Cir. 1999) ............................................................................................ 5

*Scott v. City of New York*,
   643 F.3d 56 (2d Cir. 2011) ............................................................................................. 19

*Sewell v. Bovis Lend Lease, Inc.*,
   No. 09 Civ. 6548, 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012) ................................. 2, 3, 5, 17

*Siler v. Landry's Seafood House – N.C., Inc.*,
   No. 13 Civ. 587, 2014 WL 2945796 (S.D.N.Y. June 30, 2014) ............................................. 9

*Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*,
   258 F. Supp. 2d 254 (S.D.N.Y. 2003) ............................................................................... 5

*Sukhnandan v. Royal Health Care of Long Island LLC*,
   No. 12 Civ. 4216, 2014 WL 3778173 (S.D.N.Y. July 31, 2014) ........................................... 3

*Taft v. Ackermans*,
   No. 02 Civ. 7951, 2007 WL 414493 (S.D.N.Y. Jan. 31, 2007) ............................................. 11

*Thornhill v. CVS Pharmacy, Inc.*,
   No. 13 Civ. 5507, 2014 WL 1100135 (S.D.N.Y. March 20, 2014) .......................................... 3

*Tiro v. Pub. House Invs., LLC*,
   No. 11 Civ. 7679, 2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013) ........................................ 9, 17

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) .............................................................................................. 3, 4

*Willix v. Healthfirst, Inc.*,
   No. 07 Civ. 1143, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011) ........................................... 3, 4

*Wu v. Maxphoto NY Corp.*,
  15 Civ. 3050, 2016 WL 7131937 (E.D.N.Y. Nov. 15, 2016)................................................... 13

*Zhang v. Lin Kumo Japanese Rest. Inc.*,
  No. 13 Civ. 6667, 2015 WL 5122530 (S.D.N.Y. Aug. 31, 2015) ........................................... 13

**STATUTES**

29 U.S.C. § 216(b) ..................................................................................................................... 8

## INTRODUCTION

Outten & Golden LLP ("O&G") and Fitapelli & Schaffer, LLP ("F&S") (collectively "Class Counsel") respectfully move for an award of attorneys' fees in the amount of $6,366,666.67, which is one-third of the $19.1 million Gross Settlement Fund, plus an award of costs and expenses in the amount of $278,806 incurred by Class Counsel in successfully prosecuting this action.[1]

As of March 21, 2018, Class Counsel has spent approximately 17,723 attorney, paralegal, and support-staff hours prosecuting and negotiating the settlement of this case against Defendants Carlson Restaurants Inc., Carlson Restaurants Worldwide Inc., and T.G.I. Friday's Inc., (together "Defendants").  Declaration of Justin M. Swartz in Support of Plaintiffs' Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Swartz Decl.") ¶ 44; Declaration of Joseph A. Fitapelli in Support of Plaintiffs' Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Fitapelli Decl.) ¶ 18.[2]  Multiplying these hours by the hourly rate of each attorney, paralegal, and staff member results in a lodestar amount of $7,409,074.25.  Swartz Decl. ¶ 46; Fitapelli Decl. ¶ 18.

Class Counsel's efforts to date have been without compensation, and their entitlement to payment has been wholly contingent upon achieving a good result.  *Id*. ¶ 50.  For the reasons set forth below, Class Counsel respectfully submit that the attorneys' fees and expense reimbursements they seek should be approved because they are fair and reasonable under the applicable legal standards, the contingency risk undertaken, and the result achieved in this case.

---

[1]     For a detailed account of the factual and procedural background of this case, Class Counsel refers the Court to the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of the Class Action Settlement, Certification of the Settlement Classes, and Approval of the FLSA Settlement ("Final Approval Brief").

[2]     Unless otherwise indicated, all exhibits are attached to the Swartz Declaration. Unless otherwise stated, all defined terms herein reflect the definitions in the Settlement Agreement.

## ARGUMENT

I.   **Counsel Are Entitled to a Reasonable Fee of One-Third of the Gross Settlement Fund.**

Class Counsel are entitled to reasonable attorneys' fees to compensate them for their work recovering unpaid wages on behalf of the class.  The Settlement Agreement—which has been preliminarily approved by the Court—provides that Class Counsel will seek an award of attorneys' fees of up to one-third of the $19.1 million Gross Settlement Fund plus reimbursement of their litigation costs.  Ex. A (Settlement Agreement) ¶ 109.  In addition, the Court-approved Notices sent to Class Members and Opt-in Plaintiffs provide that: "Class Counsel will seek approval from the Court for payment of attorneys' fees of one third of the Gross Settlement Fund, and reimbursement for their out-of-pocket costs reasonably incurred in the Class Action Litigation, which, if approved by the Court, will be paid out of the Gross Settlement Fund."  Ex. A (Notices) § VI to Ex. D (Admin. Decl.).

No Class Member or Opt-in Plaintiff has objected to the requested attorneys' fees or expense reimbursement.  The lack of objections supports the reasonableness of the requests and weighs in favor of approving them.  *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *10 (S.D.N.Y. Apr. 16, 2012) (lack of objections lends support to fee award approval); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172, 183 (W.D.N.Y. 2011) (absence of objections to a fee award is a factor weighing in favor of granting the award).

The request for attorneys' fees equal to one-third of the Gross Settlement Fund is also within the range approved by courts, including this one, in similar cases.  *See Manley v. Midan Rest. Inc.*, No. 14 Civ. 1693, 2017 WL 1155916, at *13 (S.D.N.Y. Mar. 27, 2017) (awarding attorneys' fees equal to one-third of the settlement fund); *Monzon v. 103W77 Partners, LLC*, No. 13 Civ. 5951, 2015 WL 993038, at *2 (S.D.N.Y. Mar. 5, 2015) (Torres, J.) (approving attorneys'

fees award equal to one-third of the settlement fund); *Flores v. Anjost Corp.*, No. 11 Civ. 1531, 2014 WL 321831, at *8 (S.D.N.Y. Jan. 29, 2014) (Torres, J.) (request for one-third of settlement fund was "reasonable and consistent with the norms of class litigation in this circuit") (internal quotation marks and citations omitted); *see also Puglisi v. TD Bank, N.A.*, No. 13 Civ. 637, 2015 WL 4608655, at *1 (E.D.N.Y. July 30, 2015) (approving attorneys' fees award equal to one-third of the settlement fund in nationwide FLSA case); *Thornhill v. CVS Pharmacy, Inc.,* No. 13 Civ. 5507, 2014 WL 1100135, at *2-3 (S.D.N.Y. March 20, 2014) ("In this Circuit, courts typically approve attorney's fees that range between 30 and 33 percent" and citing cases); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *6-7 (E.D.N.Y. Feb. 18, 2011) (awarding attorneys' fees equal to 33 1/3% of settlement fund in wage and hour class action and collecting cases finding that such an award is "consistent with the norms of class litigation in this circuit.").

## II.  The Percentage Method Is the Preferred Method for Awarding Attorneys' Fees in Common Fund Cases in the Second Circuit.

In wage-and-hour class action lawsuits, public policy favors a common fund attorneys' fee award.  *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) ("*Visa*"); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216, 2014 WL 3778173, at *9 (S.D.N.Y. July 31, 2014); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 477 (S.D.N.Y. 2013).  "The trend in the Second Circuit is to use the percentage of the fund method . . . as it directly aligns the interests of the class and its counsel, mimics the compensation system actually used by individual clients to compensate their attorneys, provides a powerful incentive for the efficient prosecution and early resolution of litigation, and preserves judicial resources." *Monzon v. 103W77 Partners, LLC*, No. 13 CIV. 5951 AT, 2015 WL 993038, at *2 (S.D.N.Y. Mar. 5, 2015 (citing *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548 (RLE), 2012 WL

1320124, at *10 (S.D.N.Y. Apr. 16, 2012)).  Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorney[s] general," attorneys who fill that role must be adequately compensated for their efforts.  *See Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338-39 (1980).  "If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk."  *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010); *accord Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

Although there are two ways to compensate attorneys for successful prosecution of statutory claims—the lodestar method and the percentage-of-the-fund method—the trend in this Circuit is to use the percentage-of-the-fund method in common fund cases like this one. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Visa*, 396 F.3d at 121; *Flores*, 2014 WL 321831, at *8 (Torres, J.) (citing cases); *Willix*, 2011 WL 754862, at *6 (same).  Recovery of fees based on the entire fund "permits litigants or lawyers who recover a common fund for the benefit of persons other than themselves to obtain reasonable attorney's fees out of the fund, thus spreading the cost of the litigation to its beneficiaries."  *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 128 (2d Cir. 2010).

Courts prefer the percentage method for several reasons.  First, the percentage method "directly aligns the interests of the class and its counsel and provides a powerful incentive" to attorneys to resolve the case efficiently and to create the largest common fund out of which payments to the class can be made.  *Visa*, 396 F.3d at 121 (internal quotation marks and citation omitted); *see also Fleisher v. Phoenix Life Ins. Co.*, No. 11 Civ. 8405, 2015 WL 10847814, at

4

*14 (S.D.N.Y. Sept. 9, 2015).  Here, Class Counsel negotiated a large settlement to Class

Members' and Opt-in Plaintiffs' great benefit. A percentage-of-the-fund fee award will

encourage other plaintiffs' lawyers to do the same.

Second, the percentage method is closely aligned with market practices because it mirrors

the practice of contingent fee attorneys who "typically negotiate percentage fee arrangements

with their clients." *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376, at *14 (S.D.N.Y.

Sept. 16, 2011) (quoting *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d

254, 262 (S.D.N.Y. 2003); *see also Sewell*, 2012 WL 1320124, at *10 ("[The percentage]

method is similar to private practice where counsel operates on a contingency fee, negotiating a

reasonable percentage of any fee ultimately awarded"); *In re Sumitomo Copper Litig.*, 74 F.

Supp. 2d 393, 397 (S.D.N.Y. 1999) (characterizing the percentage approach as "uniquely the

formula that mimics the compensation system actually used by individual clients to compensate

their attorneys").

This rationale is consistent with the Second Circuit's decision in *Arbor Hill Concerned*

*Citizens Neighborhood Association v. County of Albany & Albany County Board of Elections*,

where the Court held that a "presumptively reasonable fee" takes into account what a

"reasonable, paying client" would pay.  522 F.3d 182, 191 (2d Cir. 2008).  While *Arbor Hill* is

not controlling because it does not address a common fund fee petition, it supports use of the

percentage of the fund method.  *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 623

(S.D.N.Y. 2012) (*Arbor Hill* supported fee award of one-third of the settlement fund); *Clark v.*

*Ecolab Inc.*, No. 04 Civ. 4488, 2010 WL 1948198, at *9 (S.D.N.Y. May 11, 2010) (same).

Third, the percentage method preserves judicial resources because it "relieves the court of

the cumbersome, enervating, and often surrealistic process of evaluating fee petitions."  *Savoie v.*

*Merchs. Bank*, 166 F.3d 456, 461 n.4 (2d Cir. 1999) (quoting *Court Awarded Attorney Fees*, 108

F.R.D. 237, 258 (1986)).  The "primary source of dissatisfaction [with the lodestar method] was

that it resurrected the ghost of Ebenezer, Scrooge, compelling district courts to engage in a

gimlet-eyed review of line-item fee audits."  *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43,

48-49 (2d Cir. 2000).  Although courts still use the lodestar as a "cross check" when applying the

percentage of the fund method, they are not required to scrutinize the fee records as rigorously.

*Id*. at 50.

### III.    The Court Should Award Class Counsel One-Third of the Settlement Fund.

Class Counsel is entitled to reasonable attorneys' fees to compensate them for their work

in recovering unpaid overtime wages on behalf of the class.  Reasonableness is the touchstone

for determining attorneys' fees.  In *Goldberger*, the Second Circuit articulated six factors for

courts to consider in determining the reasonableness of fee applications:

> (1) the time and labor expended by counsel;
> (2) the magnitude and complexities of the litigation;
> (3) the risk of litigation;
> (4) the quality of representation;
> (5) the requested fee in relation to the settlement; and
> (6) public policy considerations.

*Id.*  All of the *Goldberger* factors weigh in favor of approving the fee request.

### A.    Class Counsel's Time and Labor.

As detailed in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Renewed

Unopposed Motion for Preliminary Approval of Settlement, Conditional Certification

of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of

Proposed Notices of Class and Collective Action Settlement ("Preliminary Approval Brief"),

ECF No. 496, and Plaintiffs' Final Approval Brief**,** Class Counsel expended significant effort to

achieve the $19.1 million settlement.  Prior to filing the lawsuit, Class Counsel thoroughly

investigated the claims by interviewing several witnesses, including Plaintiffs and other similarly situated employees, researching Plaintiffs' claims, Plaintiffs' damages and the propriety of class certification.  Swartz Decl. ¶ 15.

Over the course of nearly four years of ensuing litigation, Class Counsel engaged in extensive motion practice and discovery, as well as three mediation sessions and related settlement negotiations.  Swartz Decl. ¶¶ 14-34.  Class Counsel's work also included obtaining conditional certification pursuant to Section 216(b) of the FLSA, which led to over 4,574 Opt-in Plaintiffs joining the case; successfully opposing Defendants' motion to transfer venue and multiple motions to dismiss; filing successive motions for partial summary judgment; moving for certification of an issue class pursuant to Rule 23(c)(4); propounding extensive discovery requests; preparing written discovery responses for 363 Opt-in Plaintiffs; taking nine depositions and defending 29 depositions.  *Id.*

Class Counsel has expended approximately 17,723 hours of attorney, paralegal, and staff member time – an aggregate lodestar of $7,409,074.25.  Swartz Decl. ¶¶ 44-46; Fitapelli Decl. ¶ 18. These hours are reasonable for a case of this scope and complexity, and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case.  Swartz Decl. ¶ 47; Fitapelli Decl. ¶ 18.  Class Counsel made every effort to have the work performed by the attorney or paralegal with the lowest hourly rate who was able to perform it effectively.  Swartz Decl. ¶ 47; Fitapelli ¶ 19.

Moreover, the requested fee is not based solely on time and effort already expended; rather, it is also meant to compensate Class Counsel for time that will be spent administering the settlement in the future.  Swartz Decl. ¶ 48; Fitapelli ¶ 23.  In Class Counsel's experience, overseeing the final steps of the settlement process requires an ongoing commitment.  *See, e.g.,*

*In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 347 (S.D.N.Y. 2014) (time records submitted with fee petitions "exclude[] time spent preparing and arguing the motion to approve the settlement and attorneys' fees, and time that will be spent administering the settlement"); *Parker v. Jekyll & Hyde Entm't Holdings, LLC*, No. 08 Civ. 7670, 2010 WL 532960, at *2 (S.D.N.Y. Feb. 9, 2010) ("[A]s class counsel is likely to expend significant effort in the future implementing the complex procedure agreed upon for collecting and distributing the settlement funds, the multiplier will diminish over time.").

### B.   Magnitude and Complexity of the Litigation.

The size and difficulty of the issues in a case are significant factors to be considered in making a fee award.  *See Goldberger*, 209 F.3d at 50-51. "FLSA claims typically involve complex mixed questions of fact and law . . . . These statutory questions must be resolved in light of volumes of legislative history and over four decades of legal interpretation and administrative rulings." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 743 (1981).

With respect to magnitude, this is large case that has thus far been litigated as a nationwide class and collective action.  A total of 4,574 Tipped Workers have opted into this action, and an additional total of 24,715 individuals are eligible to participate in the settlement. Ex. D (Admin Decl.) ¶ 11.  The volume of discovery taken, including over 8,000 document request and interrogatories, thousands of documents and 38 depositions, further confirms the substantial size of this case.  Swartz Decl. ¶¶ 28-30.

This is also a complicated case that hinges on multiple unresolved legal and factual questions.  "[A]mong FLSA cases, the most complex type is the 'hybrid' action brought here, where state wage and hour violations are brought as an 'opt out' class action pursuant to Rule 23 in the same action as the FLSA 'opt in' collective action pursuant to 29 U.S.C. § 216(b)." *Hall v. ProSource Techs., LLC*, No. 11 Civ. 2502, 2016 WL 1555128, at *15 (E.D.N.Y. Apr. 11,

2016) (quoting *Siler v. Landry's Seafood House – N.C., Inc.*, No. 13 Civ. 587, 2014 WL

2945796, at *9 (S.D.N.Y. June 30, 2014)) (internal quotation marks omitted). "Justice is served

and consistency and efficiency are achieved by having the litigation in one forum because the

same set of operative facts are being applied and analyzed under both statutory frameworks."

*Beckman*, 293 F.R.D. at 479 (citing *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81,

89 (S.D.N.Y. 2001)).

　　As described more fully in Plaintiffs' Preliminary Approval Brief and Final Approval

Brief, the ultimate outcome of Plaintiffs' claims also depended on unresolved factual and legal

questions, including but not limited to: (1) what, if any, notice Defendants gave to Tipped

Workers with respect to Defendants' invocation of the tip credit; (2) whether such notice was

sufficient under the FLSA and state law and (3) whether Tipped Workers engaged in side work

for more than 20 percent of their time at work and/or engaged in dual job duties; and (4) what, if

any, deference should be given to the Department of Labor's "dual job" regulation, on which

Plaintiffs' "dual job" FLSA claims rely.

　　Although Class Counsel believes that Plaintiffs ultimately would have prevailed, these

unresolved factual and legal questions added complexity to the litigation and further support

approval of Class Counsel's attorneys' fee request.  *See Beckman*, 293 F.R.D. at 479-80 (size and

difficulty of wage and hour case, including *inter alia*, mixed questions of fact and law, supported

attorneys' fee award of one-third of the fund); *Tiro v. Pub. House Invs., LLC*, No. 11 Civ. 7679,

2013 WL 4830949, at *12-13, *16 (S.D.N.Y. Sept. 10, 2013) (awarding fees equal to one-third

of the settlement fund where "[t]he numerous and complex issues involved in this [wage and

hour] action support approval of Class Counsel's attorneys' fee request").

C.      **Risk of Litigation.**

The risk of litigation is also an important factor in determining a fee award.  Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award.  *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 471 (2d Cir. 1974), *abrogated on other grounds by Goldberger*, 209 F.3d 43.  "[D]espite the most vigorous and competent of efforts, success is never guaranteed."  *Id.*

Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating this case on a wholly contingent basis in the face of significant risk. Swartz Decl. ¶ 49.  Class and collective wage and hour cases of this type are complicated, time-consuming, and subject to risk.  *Id.* ¶ 50.  Any lawyer undertaking representation of large numbers of affected employees in such actions inevitably must be prepared to make a tremendous investment of time, energy, and resources.  *Id.* ¶ 51.  Due to the contingent nature of the customary fee arrangement, lawyers make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind.  Class Counsel stood to gain nothing in the event the case was unsuccessful.  *Id.* ¶ 52.

Moreover, the circumstances of this case presented hurdles to a successful recovery.  As explained in Section III(C), *supra*, Defendants' arguments as to the tip credit, tip notice, and "dual jobs" claims presented substantial risk.  In addition, a trial on the merits would have involved significant risks for Plaintiffs as to both liability and damages.  The proposed settlement eliminates these risks, and ensures that Tipped Workers who choose to participate will be paid promptly.

Furthermore, when taking on this case, Class Counsel faced the risk that the Court would not grant class certification under Rule 23—a determination the Court would likely have reached only after extensive briefing.  Defendants would likely have argued in their opposition to class

certification and on a decertification motion that differences among the Tipped Workers positions, geography, work styles, and other individualized questions preclude certification. Although Plaintiffs disagree with these arguments, as discussed above, Plaintiffs faced real risk with respect to class certification. *See Elliot v. Leatherstocking Corp.,* No. 10 Civ. 0934, 2012 WL 6024572, at *4 (N.D.N.Y. Dec. 4, 2012) (holding, in tipped worker case, that "[a] motion to decertify the class would result in extensive briefing and argument and thus, this factor weighs in favor of settlement"); *Johnson*, 2011 WL 4357376, at *10 (same); *c.f. Sanchez v. N.Y. Kimchi Catering, Corp.*, 320 F.R.D. 366, 374-75 (S.D.N.Y. 2017) (denying Rule 23 class certification with respect to plaintiff's overtime, minimum wage and spread of hours claims).

Class Counsel takes on difficult cases like this one because we believe that they are important. Swartz Decl. ¶ 54. We take seriously our responsibility to push the law in a direction favorable for employees. *Id.* ¶ 55. We continue to do so despite, unfortunately, having suffered losses in wage and hour cases over the years. *Id.* ¶ 56. Like this case, we believed that each of those cases was meritorious, but we understood the risks. *Id.* ¶ 57. While Plaintiffs believe that they could ultimately establish both liability and damages, this would require significant factual development. Class Counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and duration.

### D.   Quality of Representation.

When assessing the quality of representation, courts review "the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Asare v. Change Grp. of New York, Inc.*, No. 12 Civ. 3371, 2013 WL 6144764, at *21 (S.D.N.Y. Nov. 18, 2013) (quoting *Taft v. Ackermans*, No. 02 Civ. 7951, 2007 WL 414493, at *10 (S.D.N.Y. Jan. 31, 2007).

The $19.1 million is substantial given the risks discussed above.  As described in Plaintiffs' Preliminary Approval Brief and Final Approval Brief, the settlement represents between 20 percent of the estimated unpaid wages (assuming Plaintiffs were to prevail on the tip credit notice claims and dual job claims, and be awarded statutory damages for NYLL notice and wage statement violations) and 115 percent of the estimated unpaid wages (assuming Plaintiffs were to prevail on the dual job claims, but not the tip credit notice claims, and to not be awarded statutory damages for NYLL notice and wage statement violations).  Swartz Decl. ¶¶ 36-37.  In total, of the 29,289 Class Member and/or Opt-in Plaintiffs, 35.42 percent of the Class Members and/or Opt-In Plaintiffs will receive a Settlement Payment.  *Id.* ¶ 22.  The combined estimated Settlement Payments represent a total value of $5,838,822.61, which is approximately 51.2 percent of the potential Settlement Allocations.  *Id.*  The highest estimated award is anticipated to be $5,707.42, the lowest estimated award is anticipated to be $5.75 and the average estimated award is anticipated to be $562.83.  *Id.*  This represents a substantial recovery.  *See, e.g., Anwar v. Fairfield Greenwich Ltd.*, No. 09 Civ. 118, 2012 WL 1981505, at *2 (S.D.N.Y. June 1, 2012) (settlement representing 16.7% of class members' net losses was substantial and supported requested fee award).

The quality of representation also supports Class Counsel's request.  Class Counsel's skill and experience were directly responsible for the favorable settlement and weigh in favor of granting the requested fees.  *See id.* (class counsel's extensive experience contributed to settlement and supported fee award constituting one-third of the settlement fund); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 189 (W.D.N.Y. 2005) (citing class counsel's experience as one factor supporting an attorneys' fee award of approximately 40% of the fund).

Class Counsel has significant experience prosecuting large-scale wage and hour class and collective actions.  Swartz Decl. ¶ 13 (listing cases); Fitapelli Decl. ¶ 4 (same).  Courts have repeatedly found O&G to be adequate class counsel in numerous employment law class actions. *See, e.g.*, Ex. E (Hr'g Tr. 12, July 30, 2015, *Puglisi v. TD Bank*, No. 13 Civ. 637 (E.D.N.Y.) ("*Puglisi* Tr.")) (commenting that lawyering by the plaintiffs' counsel—including O&G—was "excellent" and noting "the high level of service that was provided to the class"); *Flores*, 2014 WL 321831, at *3 (O&G is "experienced and adequate to serve as Class Counsel"); *Morris*, 859 F. Supp. 2d at 622 (O&G has "substantial experience prosecuting wage and hour and other employment-based class and collective actions").

Likewise, F&S has acted as lead counsel or co-counsel on numerous wage and hour class and collective actions.  *See, e.g., Karic v. Major Auto. Companies, Inc.,* No. 09 Civ. 5708, 2015 WL 9433847, at *6 (E.D.N.Y. Dec. 22, 2015), *report and recommendation adopted sub nom. Karic v. The Major Auto. Companies, Inc.*, 2016 WL 323673 (E.D.N.Y. Jan. 26, 2016) (appointing F&S as counsel because they have "extensive experience in prosecuting wage and hour class actions, and have been appointed and certified as counsel in several certified collective actions"); *Girault v. Supersol 661 Amsterdam, LLC*, No. 11  Civ. 6835, 2012 WL 2458172, at *2 (S.D.N .Y. June 28, 2012) (referring to F&S as "experienced and well-qualified employment lawyers and class action lawyers" with "particular expertise in prosecuting and settling wage and hour class action" (quoting *Matheson v. T-Bone Rest., LLC, et al.*, No. 09 Civ. 4214, 2011 WL 6268216, at *3 (S.D.N.Y. Dec. 13, 2011))).

### E.    Fee in Relation to the Settlement.

In wage and hour litigation, attorney's fees equal to one-third of the gross settlement are "reasonable and consistent with the norms of class litigation in this circuit."  *Wu v. Maxphoto NY Corp.*, 15 Civ. 3050, 2016 WL 7131937, at *3 (E.D.N.Y. Nov. 15, 2016) (citations omitted)

(awarding 40% of the settlement amount as fees), *report and recommendation adopted,* No. 15 Civ. 3050, 2016 WL 7157973 (E.D.N.Y. Dec. 6, 2016); *see also Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (citing, *inter alia*, *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010) (collecting cases)); *Morris*, 859 F. Supp. 2d at 622.  For these purposes, courts consider the entire fund created by class counsel's efforts, even though unclaimed funds may revert to the defendant.  *See, e.g.*, *Acevedo v. Workfit Med. LLC*, 187 F. Supp. 3d 370, 383 (W.D.N.Y. 2016) (attorney's fees of "one-third of the entire settlement fund is reasonable," despite 21% of eligible class members participating); *Diaz v. E. Locating Serv.*, No. 10 Civ. 4082, 2010 WL 5507912, at *8 (S.D.N.Y. Nov. 29, 2010) (finding fee requested reasonable when it was "based on the entire settlement fund, including the amount that will revert to defendants").

Class Counsel's fee should be calculated as a percentage of the full amount of money that the settlement made available to the class.  In the Second Circuit, "attorneys' fees awarded as a percentage of a common fund must be measured against the entirety of the fund rather than the portion actually paid to the class members."  *In re Nigeria Charter Flights Litig.*, No. 04 Civ. 304, 2011 WL 7945548, at *5 (E.D.N.Y. Aug. 25, 2011) *report and recommendation adopted,* No. 04 Civ. 304, 2012 WL 1886352 (E.D.N.Y. May 23, 2012); *accord Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436-37 (2d Cir. 2007) (holding that district court erred when it calculated percentage of fund on basis of claims made against the fund rather than on the entire fund created by counsel's efforts).  The Second Circuit is clear that an "allocation of fees by percentage should . . . be awarded on the basis of the total funds made available, whether claimed or not."  *Masters*, 473 F.3d at 437.

14

This is true regardless of the reversionary nature of the fund.  *In re Nigeria Charter Flights Litig.*, 2011 WL 7945548, at *5, *9.  "[T]he value of legal service rendered in the creation of a settlement fund [is not] diminished by the failure of beneficiaries to cash in, regardless of what happens to the surplus."  *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 59 (E.D.N.Y. 2010); *see also Masters*, 473 F.3d at 437 ("The entire Fund, and not some portion thereof, is created through the efforts of counsel at the instigation of the entire class" and thus fees should be allocated based on "total funds made available, whether claimed or not."). This is because "the right of absentee class members 'to share the harvest of the lawsuit upon proof of their identity, whether or not they exercise it, is a benefit to the fund created by the efforts of the class representatives and their counsel.'"  *In re Nigeria Charter Flights Litig.*, 2011 WL 7945548, at *5 (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480 (1980)).

Class Counsel have made a benefit available to the entire class, even if some members choose not to take it.  "The class members [are] known, the benefits of the settlement ha[ve] been 'traced with some accuracy,' and costs [can] be 'shifted with some exactitude to those benefiting.'"  *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014) (discussing and quoting *Boeing*, 444 U.S. at 480-81).

### F.    Public Policy Considerations

Public policy considerations weigh in favor of Class Counsel's requested fees.  In rendering awards of attorneys' fees, the Second Circuit and district courts consider "the social and economic value of class actions, and the need to encourage experienced and able counsel to undertake such litigation."  *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d at 399.

The FLSA and the state wage and hour laws are remedial statutes designed to protect workers.  *See A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) (recognizing FLSA's objective of ensuring that every employee receives "a fair day's pay for a fair day's work")

(internal quotation marks omitted); *Garcia v. Pasquareto*, 812 N.Y.S.2d 216, 217 (App. Term. 2004) ("[T]he public policy of the State of New York and the federal government is that the interest in enforcing wages and hours laws on behalf of all workers is paramount."). Adequate compensation for attorneys who protect those rights by taking on such litigation furthers the remedial purpose of those statutes. *See Hall*, 2016 WL 1555128, at *16 (citing *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 09 Civ. 486, 2012 WL 5305694, at *7 (E.D.N.Y. Oct. 4, 2012); *Sand*, 2010 WL 69359, at *3.

Courts have recognized that fee awards in cases like this serve the dual purposes of encouraging "private attorney[s] general" to seek redress for violations and discouraging future misconduct of a similar nature. *Deposit Guar. Nat'l Bank*, 445 U.S. at 338-39. An award of attorneys' fees helps to ensure that "plaintiffs' claims [will] . . . be heard." *Frank*, 228 F.R.D. at 189. If courts denied sufficient attorneys' fees "no attorneys . . . would likely be willing to take on . . . small-scale class actions [.]" *Id.*; *see also In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d at 352 ("setting fees too low or randomly will create poor incentives to bringing large class action cases"); Swartz Decl. Ex. E (Hr'g Tr. 16, Dec. 19, 2014, *Amador v. Morgan Stanley & Co., LLC*, No. 11 Civ. 4326 (S.D.N.Y. Dec. 19, 2014) (recognizing that "one-third is not too high for [wage and hour] cases like this . . . It's important that lawyers have incentives to bring cases like this.").

## IV.   The Lodestar Cross Check Further Supports an Award to Class Counsel of One-Third of the Settlement Amount.

Following *Goldberger*, the trend in the Second Circuit has been to apply the percentage method and loosely use the lodestar method as a "baseline" or "cross check[.]" *Goldberger*, 209 F.3d at 50. As part of the cross check, the lodestar is determined by multiplying the hours reasonably expended on the case by a reasonable hourly rate. *Hall*, 2016 WL 1555128, at *11.

16

In calculating the lodestar for cross-check purposes, "the hours documented by counsel need not be exhaustively scrutinized by the district court." *Goldberger*, 209 F.3d at 50 (citation omitted). Rather, "the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case[.]" *Id.*

Class Counsel's request for one-third of the Fund, or $6,366,666.67, is approximately 86 percent of their lodestar.[3] The fact that Class Counsel is seeking less than their lodestar supports the reasonableness of their request, as courts regularly grant similar awards and lodestar multipliers. *See, e.g.*, *Tiro*, 2013 WL 4830949, at *12, *15 (where the lodestar was virtually identical to the percentage of recovery, class counsel's request for 33 1/3 percent as attorney's fees was well within the range of reasonableness); *see also Sewell*, 2012 WL 1320124, at *13 ("Courts commonly award lodestar multipliers between two and six.").

The lodestar cross-check therefore confirms the reasonableness of the award. Class Counsel spent over 17,723 hours litigating and settling this matter. Swartz Decl. ¶ 44; Fitapelli Decl. ¶ 22. The time spent by Class Counsel is described in Class Counsel's declarations and summaries of time records. *See* Ex. B (O&G Fee Summary); Fitapelli Decl. ¶ 22. This total is under-inclusive. O&G proactively omitted the time of any attorney or support staff at O&G who worked for less than five hours on this case. Swartz Decl. ¶ 45. The hours worked by Class Counsel result in a lodestar of approximately of $7,409,074.25. Swartz Decl. ¶ 46; Fitapelli Decl. ¶ 18. Class Counsel's request for approximately $1,042,407.58 less than their lodestar is reasonable, particularly in light of the excellent result achieved for the class.

---

[3]      Counsel maintained contemporaneous time records throughout their four-year investigation and litigation. Swartz Decl. ¶ 47. For the Court's convenience, Counsel submit a summary of those voluminous records as Exhibit B and Fitapelli Decl. at ¶ 22. At the Court's request, O&G will provide the actual time records, and would seek to do so through *in camera* review.

**A.    Class Counsel Will Spend Significant Time on This Case After Final Approval.**

The Court should also take into account the time that Class Counsel will spend administering the settlement after final approval.  Because Class Counsel will be required to spend additional time on this litigation administering and enforcing the settlement, the lodestar multiplier will diminish.  *Hall*, 2016 WL 1555128, at *14 (collecting cases).  Class Counsel will spend time responding to Class Members' and Opt-in Plaintiffs' inquiries about the settlement, preparing for and attending the final fairness hearing, answering questions from the claims administrator, and negotiating and possibly litigating disagreements with Defendants about administering the settlement and distributing the fund.  Swartz Decl. ¶ 48.  In light of the fact that Class Counsel will likely perform substantial work after the final approval hearing, which will further reduce the lodestar multiplier, Class Counsel's request is "even more reasonable than it appears at first glance."  *Beckman*, 293 F.R.D. at 482.

**B.    The Time That Class Counsel Spent on the Litigation Is Well-Documented and Justified.**

Class Counsel's requested fee award is also warranted because Class Counsel has documented its time and used billing judgment.  Here, Class Counsel has maintained contemporaneous time records by each attorney, paralegal, and support staff participating in the case.  *See* Swartz Decl. ¶ 47; Fitapelli Decl. ¶ 18.  They have minimized duplication of efforts, maximized billing judgment, and made every effort to have work performed by the attorney or paralegal with the lowest hourly rate who was able to perform it effectively.  *See* Swartz Decl. ¶ 47; Fitapelli Decl. ¶ 19.

C.      **Class Counsel's Rates are Reasonable Market Rates.**

The rates used in calculating Class Counsel's lodestar are consistent with rates used by

courts in this district. *See Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 221 (S.D.N.Y. 2015)

(applying class counsel's hourly rates of $650-950 per hour for partners, $350-600 per hour

for associates, and $180 per hour for staff and paralegals for purposes of lodestar crosscheck in

granting requested fee of one-third the settlement fund in wage and hour action); *Scott v. City of

New York*, 643 F.3d 56, 59 (2d Cir. 2011) (holding that rate of $550 per hour in FLSA case was

reasonable); *Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133, 2014 WL 2200393, at *9-10

(S.D.N.Y. May 27, 2014) (approving rate of $600 per hour, in wage-and-hour case, for attorney

who graduated law school in 1995), *report and recommendation adopted sub nom., Guallpa v.

N.Y. Pro Signs Inc.,* No. 11 Civ. 3133 (LGS), 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014);

*Rozell v. Ross–Holst*, 576 F. Supp. 2d 527, 545–46 (S.D.N.Y. 2008) (awarding eight years ago

$600 per hour to partners with 34+ years of experience, $350 per hour to senior associates, $250

per hour to junior associates and $125 per hour to paralegals).  Moreover, for purposes of the

cross check, Class Counsel's rates have been submitted to and approved by other courts in this

district.  *See, e.g.*, *Puglisi*, 2015 WL 4608655, at *1 (approving class action settlement and

approving O&G fees); *Bijoux v. Amerigroup N.Y., LLC*, No. 14 Civ. 3891, 2016 WL 2839797, at

*1 (E.D.N.Y. May 12, 2016) (same for O&G).[4]

V.      **Class Counsel is Entitled to Reimbursement of Expenses Under the Settlement
        Agreement.**

Class Counsel request reimbursement of $278,806 in out-of-pocket expenses to be paid

from the Gross Settlement Fund.  "Courts typically allow counsel to recover their reasonable out-

of-pocket expenses." *Khait*, 2010 WL 2025106, at *9; *see also In re Indep. Energy Holdings*

---

[4]      Detailed rates are provided in the Swartz Declaration and the Fitapelli Declaration.

*PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were incidental and necessary to the representation of those clients." (internal quotation marks and citation omitted)).  Here, Class Counsel's actual expenses of $278.806 were incidental and necessary to the representation of the Class.  Swartz Decl. ¶ 59.  These expenses include court fees, postage fees, travel expenses, working meals, photocopies, telephone charges, electronic research, website fees, FOIA requests, depositions transcripts, electronic document management, Plaintiffs' share of the mediator's fees, and fees for the cost of notice administration following conditional certification.   Ex. C (O&G Costs); Fitapelli Decl. ¶ 29.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion for Attorneys' Fees and Reimbursement of Expenses, and enter an Order: (i) awarding attorneys' fees in the amount of $6,366,666.67, which represents one third of the Gross Settlement Fund; and (ii) reimbursing $278,806 in out-of-pocket expenses that Class Counsel incurred in this action.

Dated:	March 21, 2018	Respectfully submitted,
	New York, New York	**OUTTEN & GOLDEN LLP**
		By:

		*/s/ Justin M. Swartz*
		Justin M. Swartz
		Molly A. Brooks
		Juno Turner
		Deirdre Aaron
		Michael J. Scimone
		Cheryl-Lyn Bentley
		685 Third Avenue, 25th Floor
		New York, New York 10017
		Tel.: (212) 245-1000

		Sally J. Abrahamson
		601 Massachusetts Avenue NW

2nd Floor West Suite
Washington, D.C. 20001
Tel.: (202) 847-4400

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, New York 10005
Tel.: (212) 300-0375

*Attorneys for Plaintiffs and the Collective*